UNITED STATES of America,
Plaintiff–Appellee,

v.

Mark A. McFARLAND,
Defendant–Appellant.

No. 86–2569.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 15, 1987.

Decided Feb. 10, 1988.

Patrick O'Hara, Petersburg, Ill., for defendant-appellant.

Gregory K. Harris, Asst. U.S. Atty., Springfield, Ill., for Gerald D. Fines, U.S. Atty., for plaintiff-appellee.

Before EASTERBROOK, MANION and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Four days after entering a plea of guilty, the defendant-appellant, Mark A. McFarland, sought to withdraw that plea. Following a hearing, the district judge denied McFarland's request and imposed a sentence of twenty-five years. McFarland appeals the denial of his motion to withdraw his guilty plea. Finding no abuse of discretion, we affirm the decision of the district court.

On February 5, 1986, McFarland was indicted on thirty-five counts of mail fraud in violation of 18 U.S.C. § 1341. Attorney Steven Nardulli was appointed on February 7, 1986, to represent him in the district court. On February 13, 1986, McFarland entered a not guilty plea to all counts. After several continuances, prompted in part by the possibility of an insanity defense initiated by McFarland's counsel, the case was set for jury trial on July 7, 1986.

Prior to the trial date, McFarland wrote to the district judge and requested that new counsel be appointed to represent him because he was dissatisfied with Attorney Nardulli. This dissatisfaction apparently related to communication problems between Nardulli and McFarland as well as disagreement over trial strategy. On July 1, 1986, Attorney Nardulli filed a motion to withdraw as McFarland's counsel.

A pretrial hearing commenced on July 2, 1986. The court denied Attorney Nardulli's motion to withdraw. McFarland again expressed dissatisfaction with his court-ap-

pointed counsel and requested that a new attorney be appointed. The request for new counsel was denied and McFarland orally moved to proceed *pro se*. District Judge Richard Mills took great effort in advising McFarland of the seriousness of a decision to proceed *pro se*. Nevertheless, McFarland persisted and the court permitted him to proceed *pro se* with Attorney Nardulli remaining as standby counsel. Later that day, McFarland met with a federal prosecutor involved in his case in the presence of Attorney Nardulli and discussed a negotiated plea. McFarland advised the prosecutor that he was probably going to plead guilty to five counts of the indictment the following day, but wanted to think about it overnight.

The next day, July 3, 1986, McFarland requested a continuance of the trial date and asked to be released on bail. Both motions were denied. McFarland had a copy of a plea agreement in his possession and after the motion for continuance was denied he advised the court that he was contemplating pleading guilty to the indictment. The court advised him of the conditions under which a guilty plea would be accepted. Thereafter, the court continued the hearing and told McFarland to take time over the lunch hour and carefully consider whether he wanted to plead guilty. McFarland conferred with another attorney, Theodis Lewis, for about one hour concerning Attorney Lewis' representation of McFarland and the prospects of pleading guilty. Also, prior to the resumption of the afternoon session, the same federal prosecutor met again with McFarland and explained that the court would only accept a guilty plea that was completely voluntary and only if he was in fact guilty of the charges. McFarland indicated that he understood that his guilty plea would have to be voluntary.

When the hearing resumed in the afternoon, McFarland asked the court to appoint Attorney Lewis to represent him and to grant him a continuance. McFarland was again advised that he could not select the particular counsel he wished to have represent him and the motion for continuance was denied. McFarland then indicated that he wished to change his plea. Judge Mills completely and thoroughly examined McFarland in accordance with the requirements of Fed.R.Crim.P. 11(c). McFarland stated under oath that he was in fact guilty and that his plea was made voluntarily and that no threats had been made, nor promises given. The court then accepted McFarland's guilty plea and scheduled a sentencing hearing.

On July 7, 1986, McFarland signed a *pro se* motion directed to the district judge, requesting to withdraw the guilty plea entered on July 3, 1986. In his motion, defendant claimed that he pled guilty because he was pressured and placed under great fear by Attorney Nardulli and the federal prosecutor.[1] On August 6, 1986, a new attorney, Bradford C. Bucklin, was appointed to represent McFarland on his motion to withdraw the guilty plea. Attorney Bucklin filed an additional motion to withdraw McFarland's guilty plea pursuant to Fed.R. Crim.P. 32(d).

On September 12, 1986, the court conducted a hearing and denied McFarland's motion to withdraw his guilty plea.[2] Thereafter, McFarland was sentenced to five years on each of the five counts to which he pled guilty, with the sentences to run consecutively.

The sole issue on appeal is whether the district court abused its discretion in denying defendant's motion to withdraw his guilty plea. The legal provision for withdrawing a guilty plea is set out in Fed.R.Crim.P. 32(d). The rule states in pertinent part:

> If a motion for withdrawal of a plea of guilty ... is made before sentence is imposed, ... the court *may* permit withdrawal of the plea upon a showing by the

1. McFarland has abandoned his claim of coercion in this appeal.

2. The issue of McFarland's mental capacity at the time of the entry of the plea was also reviewed at the September 12, 1986 hearing. McFarland was found to have been mentally competent to enter the guilty plea and that issue is not raised on appeal.

defendant of any fair and just reason. (Emphasis added.)

A defendant does not have an absolute right to withdraw his guilty plea, and the decision whether to allow him to do so is within the sound discretion of the trial court. *United States v. Fountain*, 777 F.2d 351, 358 (7th Cir.1985), *cert. denied, sub nom. Granger v. United States*, 475 U.S. 1029, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986). The decision of the district court will be reversed only on a showing of abuse of discretion. *United States v. Ellison*, 798 F.2d 1102, 1104 (7th Cir.1986), *cert. denied,* — U.S. ——, 107 S.Ct. 893, 93 L.Ed.2d 845 (1987). The district court's findings concerning whether the defendant has demonstrated a fair and just reason will be accorded great weight and will be upheld unless "clearly erroneous." *United States v. Suter*, 755 F.2d 523, 525 (7th Cir.), *cert. denied*, 471 U.S. 1103, 105 S.Ct. 2331, 85 L.Ed.2d 848 (1985).

▪ To establish whether McFarland knowingly and voluntarily entered a plea of guilty to the offenses charged, the district judge engaged him in colloquy pursuant to Rule 11(c).

McFarland acknowledges that the Rule 11 procedures were clearly followed. However, he now claims that he pled guilty out of frustration with his situation rather than as a result of a clear and reasoned decision. It was his *pro se* status, lack of confidence in Attorney Nardulli, and the immediacy of the trial which McFarland claims caused him to enter a guilty plea. McFarland's fundamental contention is that his effort to withdraw his plea four days after it was entered is proof that his plea was entered in haste and confusion.

As we stated in *United States ex rel. Miller v. McGinnis*, 774 F.2d 819, 824 (7th Cir.1985), when defendants "particularly those inexperienced in the criminal justice system" express a quick change of heart and request to withdraw a guilty plea:

... the trial court should be alert to the possibility that the plea was 'entered in haste and confusion,' and must explore the nature of the defendant's confusion to verify that the guilty plea is in fact intelligently and voluntarily entered. Cf. *United States v. Barker*, 514 F.2d 208, 222 (D.C.Cir.1974), *cert. denied*, 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975).

As required by *ex rel. Miller*, the district judge explored the nature of the defendant's asserted confusion and verified that his guilty plea was intelligently and voluntarily entered. The judge had the benefit of the record of a properly conducted Rule 11 hearing at the time the plea was entered and he held a full evidentiary hearing on McFarland's motion to withdraw the plea of guilty. McFarland had contemplated pleading guilty for at least two days. He had consulted with two separate defense attorneys as well as a federal prosecutor. The district judge discussed with McFarland the consequences of a guilty plea and gave him additional time to consider the matter before taking the plea.

McFarland arrived at his moment of truth in the afternoon of July 3, 1986, and decided to plead guilty. There was no coercion and he was aware of the consequences of his acts. The record discloses no "fair and just reason" for the withdrawal of the plea as provided in Rule 32(d).

This was hardly McFarland's first brush with the criminal justice system. He was, in the words of the district judge, "a total recidivist" who had been convicted eleven times. Rather than acting in haste and being confused about the consequences of entering a guilty plea, it is apparent that McFarland was attempting to manipulate the system. With the trial date approaching, he professed to be dissatisfied with Attorney Nardulli and sought to have him discharged and replaced by new counsel. After successfully ridding himself of Nardulli, McFarland "went *pro se* " and sought a continuance of the trial date. Denied a continuance, he met with the federal prosecutor (along with Attorney Nardulli who continued to act as his standby counsel) to discuss a plea agreement. McFarland thereafter met with Attorney Lewis and discussed Lewis' representation of him as well as the plea agreement. When the court again declined to appoint counsel of

McFarland's choice or grant a continuance, he proceeded with the guilty plea. Once the trial was off, McFarland's immediate goal was achieved. He then filed a skillfully drafted *pro se* motion to withdraw his plea, stating in part: "I have been threaten[ed], pressured and placed in great fear which led me to plead guilty on July 3, 1986. It was very much against my will to make such a guilty plea fully knowing that I am innocent of all charges alleged in the grand jury indictment...."

These are not the acts of someone unfamiliar with the criminal justice system. Courts must accommodate changes in the direction and progress of a case when those changes are the result of the legitimate demands of a defendant. However, disingenuous conduct by a defendant should not be allowed to thwart the process of determining guilt or innocence. The entry of a guilty plea by a defendant and its acceptance by a judge is clearly a significant event in the process of a criminal case. To deter abuses in the withdrawal of guilty pleas under Rule 32(d), and to protect the integrity of the judicial process, we have held that "rational conduct requires that voluntary responses made by a defendant under oath [when entering a guilty plea] ... be binding." *United States v. Ellison,* 835 F.2d 687, 693 (7th Cir.1987). That rule applies here.

The plea was not entered in haste. McFarland was not confused about the plea. He is bound by his admissions of guilt and his assertions that his plea was voluntary. There was no "fair and just reason" for the withdrawal of the plea and the district judge did not abuse his discretion in denying McFarland's request. The decision of the district court is

AFFIRMED.