UNITED STATES of America,
Plaintiff–Appellee,

v.

Felix MUNIZ, Defendant–Appellant.

No. 88–3275.

United States Court of Appeals,
Seventh Circuit.

Submitted July 27, 1989.[1]

Decided Aug. 14, 1989.

---

1. After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Thomas M. Durkin, Asst. U.S. Atty., Chicago, Ill., for U.S.

Paul M. Brayman, Chicago, Ill., for Felix Muniz.

Before BAUER, Chief Judge, and FLAUM and EASTERBROOK, Circuit Judges.

FLAUM, Circuit Judge.

Felix Muniz appeals from the district court's refusal to allow him to withdraw his plea of guilty to possession of a kilogram of cocaine with intent to distribute. Muniz was sentenced to eight years' imprisonment to be followed by five years of supervised release.

After he entered his plea of guilty, but before sentencing, Muniz obtained new counsel. He immediately moved to withdraw his plea.

At the time Muniz entered his plea, he had a motion to suppress evidence pending before the court. He now claims that he did not realize that his plea would render the motion to suppress moot. He states that he believed acceptance of the plea was conditioned on denial of the motion to suppress. The district court found that Muniz did understand that the motion to suppress would not be ruled upon. The court found therefore that there was no fair or just reason to allow Muniz to withdraw his plea. Fed.R.Crim.P. 32(d).

A defendant who pleads guilty does not have an absolute right to withdraw that plea. *United States v. Ellison*, 798 F.2d 1102 (7th Cir.1986). Whether to allow the withdrawal of the plea is in the district court's discretion. *United States v. McFarland*, 839 F.2d 1239 (7th Cir.1988). This court will reverse only if the district court abused that discretion. *Id.*

Muniz lays particular stress on the fact that the court continued the motion to suppress while considering whether to accept the plea agreement. He insists that this action misled him into believing the motion would stay alive even if the plea agreement were accepted.[2] The contention is without merit. A fair reading of the transcript of the hearing shows that Muniz' counsel clearly intended to abandon the motion to suppress. At the outset of the hearing, he said, "Although we are scheduled today for a motion to suppress hearing, we have entered into a plea agreement with the government and we have tendered a copy of that to you, Judge." Plainly, rather than going forward with the suppression hearing, Muniz' counsel intended to substitute the changed plea. We note that on appeal Muniz did not attempt to represent that his attorney advised him that the motion would stay under active consideration. Like Judge Nordberg, we are convinced that Muniz was not misled about the status of his motion.

To the contrary, Muniz was advised before entering his plea that "... you also waive your right to appeal from or later contest or complain of any prior adverse rulings or actions or inactions in this case." Muniz now complains that this admonition was unclear, and that he understood it not to apply to the motion to suppress, which was technically still pending. However, the text of the colloquy engaged in during the Fed.R.Crim.P. 11 hearing belies such an understanding. The proceeding in no way suggested any conditionality on the issue of the motion to suppress. Any argument that Muniz was mistaken about the

**2.** If Judge Nordberg had been unwilling to accept the plea agreement, Muniz would have been given an opportunity to withdraw his plea.

Fed.R.Crim.P. 11(e)(4). In that event, the motion to suppress could have been reactivated.

finality of the plea would have to be premised on a claim that his counsel allowed him to inappropriately enter the plea. Notably, no such argument has been advanced. In short, we agree with the district court that "it seems ... there could not have been any confusion or misleading of the defendant in connection with his plea of guilty."

 It is apparent that in this case there was no misunderstanding regarding the status of the motion to suppress. However, we would like to underscore that, had the Rule 11 colloquy made it more evident that all motions were to be abandoned, there would have been no grounds for this appeal. A procedure which envisions either the withdrawal of all pending motions or their specific abandonment would avoid the claim of error suggested in this appeal. We recommend that the district courts consider adopting such a procedure where appropriate in conjunction with the acceptance of guilty pleas.

AFFIRMED.