UNITED STATES of America, Plaintiff–Appellee,

v.

David Patrick WILLIAMS, Defendant–Appellant.

No. 89–2078.

United States Court of Appeals, Seventh Circuit.

Argued April 11, 1990.

Decided June 1, 1990.

Robert T. Coleman, Asst. U.S. Atty., Office of the U.S. Atty., East St. Louis, Ill., Michael C. Carr, Benton, Ill., for plaintiff-appellee.

George F. Taseff, Jennings, Novick, Ensign & Ostling, Bloomington, Ill., David P. Williams, Talladega, Ala., pro se.

Before WOOD, Jr., EASTERBROOK, and KANNE, Circuit Judges.

WOOD, Jr., Circuit Judge.

Defendant David Patrick Williams attempts in this second appeal to take advantage of a facial ambiguity in *United States v. Williams*, 858 F.2d 1218 (7th Cir.1988) (*"Williams I"*), the prior opinion of this court disposing of his first appeal.

Williams and another defendant not involved in this appeal were convicted in 1987 with conspiring to distribute cocaine and numerous obstruction-of-justice-related offenses. For the purposes of the first appeal and also this appeal, the most important charges were conspiracy to obstruct justice in violation of 18 U.S.C. §§ 371 and 1503 (Count II) and conspiracy to tamper with witnesses in violation of 18 U.S.C. §§ 371 and 1512(a)(2)(A), 1512(a)(2)(D), 1512(a)(3) (Count V). *Id.* at 1220. In *Williams I* we held that Counts II and V in combination violated defendant's fifth amendment double jeopardy rights "because in effect each count alleged the same conspiracy." *Id.* at 1226. The convictions were therefore affirmed in part and reversed in part and remanded to the district court for such further action as necessary in light of the opinion. *Id.* On remand the government elected to proceed on Count V, and the district court cured the double jeopardy problem by dismissing Count II. Williams was then resentenced on Count V to four years, the same sentence originally imposed. Williams now appeals from the resentencing.

The only controversy now is over the meaning of the grammatical sentence in *Williams I* relating to the relief provided from the double jeopardy conflict between Counts II and V. That sentence states: "We therefore vacate these convictions and remand to the district court for an election of counts by the government and for resentencing." *Id.* at 1226. The ambiguity is readily apparent in that single sentence wherein it appears that the convictions are vacated but the case remanded for resentencing on such count as the government elects.

A reading of *Williams I* as a whole and particularly the portion relating to the double jeopardy conflict between Counts II and V, however, reveals an ambiguity so apparent that it is in effect no ambiguity. The defendant now seizes upon this facial ambiguity that results from the use of the word "convictions" instead of the use of the word "sentences" in a context in which "convictions" can only be understood to mean "sentences." This court could not, would not, and did not remand for resentencing on a charge that this court at the same time had vacated. The meaning of the statement in *Williams I* is as clear as if "sentences" had been correctly used instead of the word "convictions." The use of "convictions" in that context does not entitle the defendant to a new trial. He has already received an error-free trial. We determined in *Williams I* it was necessary only to correct his sentence so as to relate to either Count II or Count V, as the government might choose, to avoid double jeopardy.

The defendant argues that when a conviction is vacated, the effect is to nullify the judgment entirely and place the parties in the position of no trial having taken place at all, *United States v. Lawson*, 736 F.2d 835 (2d Cir.1984); thus a vacated judgment is of no further force or effect. *Simpson v. Motorists Mut. Ins. Co.*, 494 F.2d 850, 854 (7th Cir.), *cert. denied*, 419 U.S. 901, 95 S.Ct. 184, 42 L.Ed.2d 147 (1974). The defendant is correct as to the law, but that is not what happened in his case.

The defendant forthrightly acknowledges that under similar circumstances where convictions are reversed on double jeopardy grounds, the proper procedure is not to vacate the underlying convictions but only the sentence, and to remand for further proceedings and resentencing. *United States v. Woodward*, 726 F.2d 1320, 1328 (9th Cir.1983), *rev'd on other grounds*, 469 U.S. 105, 105 S.Ct. 611, 83 L.Ed.2d 518 (1985); *Johnson v. United States*, 619 F.2d

366, 369 n. 9 (5th Cir.1980). That is also correct law. A mere one word slip of the opinion pen can have no such senseless consequences as to upset established law and to grant a new trial without reason to the defendant.[1] To the extent the original opinion needed to be interpreted by the court that issued it, it now has been.

AFFIRMED.

1. The government would have served all parties by promptly filing a petition for rehearing to clarify or correct the original opinion but it did not, perhaps because the meaning was as clear to the government as it is to us. On the other hand, we do not fault defense counsel for raising the issue here. We have examined the record and find that no question was raised at the resentencing on remand concerning the ambiguity in this court's original opinion. It appears to have first been raised here on this appeal. As the government did not object or claim the issue had been waived, we have proceeded to clarify the original opinion. Appellate counsel did not represent defendant in the trial court.