909 F.2d 1486
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America Plaintiff-Appellee,
v.
Shane T. SHERRINGTON, Defendant-Appellant.
 No. 89-2532.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 31, 1990.*
Decided Aug. 8, 1990.
 
 COFFEY and FLAUM, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Defendant-appellant Shane T. Sherrington appeals the denial of his motion to withdraw his plea of guilty to one count of distribution of one gram or more of a controlled substance (LSD), in violation of 21 U.S.C. Sec. 841, and he appeals the district court's refusal to make a downward departure from the sentencing guidelines for "acceptance of responsibility." United States Sentencing Guidelines, Section 3E1.1. We affirm.
 
 I.
 
 2
 On July 12, 1988, Sherrington entered into a plea agreement with the government whereby he pled guilty to one count--the above mentioned offense--of an eleven count indictment containing various drug charges. The charge carried a minimum sentence of five years. Paragraph two of the plea agreement states that "no promises of any type ha[ve] been made to [Sherrington] with respect to the sentence in this matter." The agreement also provided that the government was not precluded from "filing a motion pursuant to Title 18, United States Code, Section 3553(e) for a sentence below the minimum sentence to reflect substantial assistance if the government so desires."
 
 
 3
 In a hearing held on July 19, 1988, Sherrington pled guilty pursuant to the plea agreement. Judge Shabaz ensured that Sherrington understood the penalties involved with the offense and ensured that no promises had been made to him to induce him to plead guilty. Judge Shabaz accepted Sherrington's plea.
 
 
 4
 On September 12, 1988, Sherrington was sentenced to 10 years in prison to be followed by a five year supervised release term. Judge Shabaz issued this sentence pursuant to pre-sentencing guidelines law because of his then-belief that the sentencing guidelines were unconstitutional. The judge sentenced Sherrington in the alternative to 78 months under the sentencing guidelines. Subsequent to the district court's action, the Supreme Court determined that the sentencing guidelines were constitutional in Mistretta v. United States, ___ U.S. ___, 109 S.Ct. 647 (1989). On May 8, 1989, we remanded the case for resentencing under the guidelines. United States v. Sherrington, No. 88-2940 (7th Cir. May 8, 1989) (unpublished order).
 
 
 5
 Resentencing was scheduled for July 7, 1989. At that time, Sherrington filed a motion to withdraw his guilty plea pursuant to Fed.R.Crim.P. 32(d), claiming that the government had breached the terms of the plea agreement that provided that the government, in exchange for Sherrington's substantial assistance in the case, could, "if it so desired," request that the court make a reduction in sentencing to one below the minimum. Sherrington alleged that he was led to believe that the government would definitely make such a request. The district court noted its belief that it had no jurisdiction to hear the motion; however, the court denied the motion in the alternative. The court reviewed the proceedings from the plea hearing and determined that Sherrington knew full well that he might receive more than the minimum sentence of five years and that there was no pre-arranged agreement between the government and defense counsel that would determine the length of his sentence, but that even if there was, the court would not have to abide by it.
 
 
 6
 The court proceeded to resentence Sherrington. The government stipulated that Sherrington was of considerable assistance in the case; however, the government did not request a reduction in sentence. Nor had it made such a request at the initial sentencing hearing. The court found that Sherrington's base offense level was 26. Although the probation office recommended a reduction for acceptance of responsibility under Section 3E1.1, the Court found no basis upon which to make the downward adjustment. The court based this finding on Sherrington's claim that he was not a frequent seller of drugs, and that his sale of LSD was only done at the behest of the Special Agent to whom he sold the drug. Finally, the Court found that Sherrington had a criminal history of III. These figures produced a sentencing range of 78 to 97 months. The court sentenced Sherrington to 78 months to be followed by a period of supervised release of five years. This appeal followed.
 
 II.
 
 7
 Sherrington's first claim is that the district court should have allowed his motion to withdraw his guilty plea. An initial matter is the issue of whether the district court had jurisdiction to hear the motion to withdraw. Sherrington argues that when this court remanded the sentence for vacating, he was in the position of not being sentenced. Thus, his motion to withdraw his plea was timely under Rule 32(d), which requires such motions to be filed before sentencing. The government concedes it has no authority to support Judge Shabaz's assertion that he lacked jurisdiction to hear the motion.
 
 
 8
 Likewise, we are aware of none. To the contrary, in United States v. Story, 891 F.2d 988, 997 (2d Cir.1989), in a situation where a district court had erroneously sentenced the defendant under pre-guidelines law, the court remanded the case because the district court was without authority to choose a pre-guidelines sentence, and the court gave the defendant the option of withdrawing his plea. Although our order in Sherrington's initial appeal did not specify that he was to be allowed to move to withdraw his guilty plea, we do not perceive this to be an issue of the district court's jurisdiction to hear the motion. Indeed, our mandate in Sherrington's first appeal revested that court with jurisdiction to take any appropriate action in the case. When we remanded this case for the sentence to be vacated, defendant stood before the district court without sentence, and therefore, Rule 32(d) permitted him to file a motion to withdraw his plea.
 
 
 9
 Nonetheless, we will not disturb the district court's alternative holding denying Sherrington's motion. On review of the denial of a motion to withdraw a guilty plea under Rule 32(d), we ascertain only whether the district court abused its discretion. United States v. Muniz, 882 F.2d 242, 243 (7th Cir.1989). The record in this case makes clear that at the time he was sentenced, Judge Shabaz went to great length to inform Sherrington that he should not have any expectation as to what his sentence would be. Furthermore, the plea agreement clearly states that the government would only ask for a reduction of sentence pursuant to Guideline section 5K1.1 "if it so desired." There is no indication in the record that Sherrington did not understand this when he entered his plea. In fact, the record is to the contrary. The government had made no such request at the initial sentencing, either. Therefore, as the district court stressed, there was no reason for it to allow Sherrington to withdraw his plea. The district court did not abuse its discretion in denying the Rule 32(d) motion.
 
 
 10
 Sherrington also claims that he was entitled to a two-level reduction on the basis of his acceptance of responsibility for his actions under sentencing guideline section 3E1.1. Section 3E1.1 provides for a decrease for acceptance of responsibility "if the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." Whether a district court awards a defendant an acceptance of responsibility reduction is a question of fact. We review a district court's factual findings regarding imposition of a criminal sentence for clear error. Specifically, we review a district court's decision not to reduce a sentence for "acceptance of responsibility" under a highly deferential standard, and we will not disturb the district court's findings unless they are without foundation. United States v. Jordan, 890 F.2d 968, 972 (7th Cir.1989) (citing commentary to Guideline Section 3E1.1., Application Note 5, United States Sentencing Commission Guidelines Manual at 3.24). Finally, we note that section 3E1.1(c) specifically provides that the mere fact that a defendant pleads guilty does not entitle him to the acceptance of responsibility reduction.
 
 
 11
 In this case, although Sherrington pled guilty, the district court determined that he was not entitled to a reduction for acceptance of responsibility under Section 3E1.1. In doing so, the district court made the following findings based on Sherrington's objections to the pre-sentence report:
 
 
 12
 The Court has not accepted the guidelines as calculated by the United States Probation Office, believing that the defendant is not entitled to an adjustment for acceptance of responsibility. Not only has the defendant advised the Court that all of his problems on previous periods of conditional release related to his former wife, Sharon, but also that the proffered gun was that of Mary Jo Reinhardt and was kept for her protection and her children's protection during his absence from the residence. The principal and deciding factor, however, was the defendant's assertion that marijuana sales were all that he had been a party to and that he brokered LSD to Special Agent Matthews only because of his dogged, persistent, unrelenting pursuit of such from the defendant, stating in his objections that had it not been for Special Agent Matthews he would not have made any sales other than marijuana.
 
 
 13
 * * *
 
 
 14
 * * *
 
 
 15
 Defendant continues to minimize his prior criminal conduct, which also convinces the Court in its determination that he has not accepted full responsibility for his actions.
 
 
 16
 Sherrington does not dispute these findings in his brief. Rather, he claims that other statements made by the district court during sentencing were improper. The district court's order is clear, however, in stating the basis of the ruling on acceptance of responsibility. There is nothing inappropriate in the above-quoted findings, and Sherrington does not dispute them on appeal. The district court's denial of a reduction for acceptance of responsibility was not without foundation. AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record