921 F.2d 278
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
David G. SCHONBACK, Defendant/Appellant.
 No. 90-2461.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 12, 1990.*
Decided Dec. 19, 1990.
 
 Before POSNER, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 I. FACTUAL AND PROCEDURAL BACKGROUND
 
 1
 David Schonback appeals from the district court's refusal to allow him to withdraw his plea of guilty to two counts of a thirteen count indictment. We affirm.
 
 
 2
 Schonback pled guilty to one count of conspiracy to obstruct justice, in violation of 18 U.S.C. Secs. 371 and 1503 (count 2), and one count of conspiracy to tamper with witnesses, in violation of 18 U.S.C. Secs. 371, 1512(a)(2)(A), 1512(a)(2)(D), and 1512(a)(3) (count 5). Additionally, Schonback agreed to testify in the trial of his co-defendants. In exchange, the government agreed to dismiss the remaining counts against him and to recommend a sentence of imprisonment not less than five years and not greater then ten years, to run consecutive with a prior sentence.
 
 
 3
 The district judge conducted a hearing and accepted the defendant's plea. Schonback testified against his co-defendants. The government recommended a sentence of five years on each count, to run concurrently. The district court sentenced Schonback to concurrent five year terms on each count, to run consecutively with his prior sentence.
 
 
 4
 Subsequently, Schonback's co-defendants' sentences for conspiracy to obstruct justice and conspiracy to tamper with witnesses were vacated on the ground that they were the same offense and conviction on both violated the double jeopardy clause. United States v. Williams, 858 F.2d 1218, 1226 (7th Cir.1988), aff'd, 904 F.2d 7 (7th Cir.1990). This court remanded the case for an election of counts by the government and for resentencing.
 
 
 5
 On February 24, 1990, Schonback, relying on Williams, filed an Amended Motion To Vacate Sentence under 28 U.S.C. Sec. 2255 requesting resentencing. The district court granted Schonback's Sec. 2255 petition and ordered that the sentences for counts two and five be vacated for resentencing and an election of counts by the government.
 
 
 6
 In May, Schonback filed a motion to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 32(d), claiming that had he known double jeopardy barred conviction of both of the counts he pled guilty to, he would have possessed more bargaining leverage. The motion was heard at Schonback's resentencing on June 22. The hearing transcript indicates the district court's belief that it might lack jurisdiction to hear the motion. However, the court denied the defendant's motion in the alternative, reasoning that the defendant received exactly what he bargained for under the agreement. It concluded that Schonback presented no "fair or just" reason to withdraw his plea.[1] Schonback also asked the court to allow him, rather then the government, to elect the count he would be sentenced on. The district court denied the defendant's request, stating that it was bound by the Seventh Circuit's procedure in Williams. 858 F.2d at 1226 (defendants' sentences vacated and remanded to the district court for an election of counts by the government).
 
 II. ANALYSIS
 A. Withdrawal of the Guilty Plea
 1. Jurisdiction of the District Court
 
 7
 Initially, we must consider whether the district court had jurisdiction to hear the motion to withdraw. At defendant's resentencing, Schonback argued that when his sentence was vacated he stood in the position of one who had not yet been sentenced. Thus, his motion to withdraw was timely under Rule 32(d), requiring a motion for withdrawal to be filed before sentencing.[2]
 
 
 8
 The government responded that defendant's motion was untimely and proper resolution of his claim was on direct appeal or by a Sec. 2255 petition. However, the government did not and does not now provide support for this contention. Likewise, this court is aware of none. To the contrary, in United States v. Story, the court gave the defendant the option of making a motion for withdrawal of his plea on resentencing after his erroneous sentence was vacated and remanded. 891 F.2d 988, 997 (2nd Cir.1989); See also United States v. Golden, 795 F.2d 19 (3rd Cir.1986) (lower court had jurisdiction to hear defendant's motion to withdraw his guilty plea after defendant obtained an order staying execution of his sentence). Here, when the district court vacated Schonback's sentence the defendant stood before the court as if he had not yet been sentenced. Thus, Rule 32(d) permitted the lower court to entertain defendant's motion.
 
 2. Merits
 
 9
 Schonback argues that the plea should be withdrawn because the government misrepresented to him that he could be convicted on both of the counts he pled guilty to. Further, Schonback argues that he would have had more bargaining power during the plea negotiations if he knew about the double jeopardy problem. Lastly, he contends that withdrawal was proper because at the plea hearing he was misinformed as to the correct maximum sentence for count five.
 
 
 10
 There is no absolute right to withdraw a guilty plea. United States v. Muniz, 882 F.2d 242, 243 (7th Cir.1989). Rule 32(d) requires that a defendant demonstrate a "fair and just reason" for the withdrawal of a guilty plea. United States v. Alvarez-Quiroga, 901 F.2d 1433, 1436 (7th Cir.1990). It is within the district court's discretion to determine whether the defendant has provided a "fair and just" reason for withdrawal. United States v. Savage, 891 F.2d 145, 151 (7th Cir.1989). This court reviews the district court's determination only for an abuse of discretion. Muniz, 882 F.2d at 243. The district court's factual findings will be upheld unless they are clearly erroneous. Alvarez-Quiroga, 901 F.2d at 1436.
 
 
 11
 There is no evidence in the record that the government misled the defendant to believe that he could be convicted on both counts two and five. The defendant does not suggest that the government knew before our decision in Williams that double jeopardy barred conviction on both counts. This leaves us with Schonback's contention that had he known that count two and five were the same offense he would have had more bargaining power and made a more informed decision. Schonback's contention does not provide a "fair and just reason" for withdrawal.
 
 
 12
 Schonback does not protest his innocence or contend that the district court erred in accepting his plea of guilty. United States v. Ray, 828 F.2d 399 (7th Cir.1987). Review of the district court proceedings reveals that Schonback entered into the plea knowingly and voluntarily. United States v. McFarland, 839 F.2d 1239, 1241 (7th Cir.1988). The record does not indicate that the plea was entered in haste, or in response to threats. Id. at 1241. The change of plea hearing transcript indicates that Schonback received adequate instruction about the consequences of pleading guilty.
 
 
 13
 Moreover, as the district court noted, Schonback received the full benefit of a favorable bargain. If Schonback went to trial he faced a possible maximum sentence of approximately sixty-five years. Under the plea agreement the government agreed to dismiss eleven counts against the defendant and promised to recommend a minimum of five years imprisonment and a maximum of ten. Schonback was sentenced to two five year concurrent terms. Thus, Schonback's contention is negated by the favorable plea agreement.
 
 
 14
 The fact that the conviction on both counts two and five violated the double jeopardy clause also does not create a "fair and just" reason for withdrawal. The defendant received proper relief when the district court granted the defendant's Sec. 2255 motion and vacated and remanded for resentencing. See United States v. Colunga, 786 F.2d 655 (5th Cir.1986) (proper remedy when a defendant pleads guilty to two counts amounting to the same offense in violation of double jeopardy is to vacate both sentences and to remand for resentencing on one of the counts). Further relief is unnecessary.
 
 
 15
 Defendant next alleges that his plea should be withdrawn because he was misinformed as to his potential maximum sentence. Schonback admits that he did not present this argument to the trial court. Ordinarily, arguments raised for the first time on appeal are waived. Garlington v. O'Leary, 879 F.2d 277, 282 (7th Cir.1989). However, the government does not contend that this argument is waived. Indeed its brief addressees the argument. We have recognized that a waiver argument itself may be waived by not being raised. Id. at 282. Therefore, we address the merits of Schonback's contention.
 
 
 16
 Schonback cites to United States v. Colunga, for the proposition that he should be allowed to withdraw his guilty plea because he was misinformed as to the maximum sentence he faced when he pled guilty. This case is distinguishable from Colunga. First, Schonback's contention that he was misinformed is simply wrong. The record indicates that the court informed the defendant that he faced a maximum of five years imprisonment on each count.[3] Second, In Colunga the plea agreement consisted solely of informing the defendant of the maximum sentence he could receive. In this case, the government promised to recommend a sentence between five and ten years. Further, Schonback testified that at the change of plea hearing the court informed him that if he pled guilty he would probably receive such a sentence. Defendant admitted that the government fully complied with his plea agreement and he was in fact sentenced to the low end of his agreement. Additionally, the district court found at the change of plea hearing that the defendant understood the nature of the charges against him and that a factual basis existed for the plea. Ray, 828 F.2d at 422. Schonback does not contest these findings. Thus, there is no indication that Schonback was confused or misled regarding his guilty plea. Muniz, 882 F.2d at 244. We have held that "rational conduct requires that voluntary responses made by a defendant under oath [when entering a guilty plea] ... be binding." McFarland, 839 F.2d at 1242 (citation omitted).
 
 B. Election of Counts
 
 17
 Lastly, Schonback contends, without support, that the court erred in not allowing him to elect which count he would be sentenced on. This contention is meritless. In Williams, this court vacated and remanded Schonback's co-defendants' sentences to the district court for resentencing and an election of counts by the government. 904 F.2d at 9. Here, as the court informed the defendant, it did not matter which count the government elected for sentencing because it could not sentence him to more then five years on each. Finally, the defendant conceded at resentencing that "in all reality" no matter which count the government chose to proceed upon, it would not affect his parole guidelines determination. For the reasons stated, we AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Schonback's motion also stated that the parole board wrongly based its determination of his parole guideline range on dismissed counts. The district court noted that the defendant's complaint was not really about his guilty plea, but rather it was about the parole board's determination of his guideline range. Schonback does not raise this issue on appeal
 
 
 [2]
 Federal Rule of Criminal Procedure 32(d) states:
 If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under U.S.C. Sec. 2255.
 
 
 [3]
 Apparently defendant misunderstands that while the substantive offense of tampering with a witness allows a maximum sentence of ten years, 18 U.S.C. 1512, defendant only pled guilty to the offense of conspiring to tamper with a witness, which under the general conspiracy statute provides for a maximum sentence of five years imprisonment. 18 U.S.C. Sec. 371