983 F.2d 1074
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edwin D. WOOD, II, Defendant-Appellant.
 No. 90-3382.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 1, 1991.*
Decided Jan. 7, 1993.
 
 Before CUMMINGS, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Edwin D. Wood, II, appeals his convictions and sentences, entered upon a guilty plea, for mail fraud and for the interstate transportation of securities taken by fraud. See 18 U.S.C. §§ 1341, 2314. We affirm.**
 
 
 2
 Wood first contends that the district court abused its discretion in denying his motion to withdraw his guilty plea because the plea was the product of duress, and because he had a valid double jeopardy defense. Under Fed.R.Crim.P. 32(d), Wood had to present a "fair and just" reason to the district court to warrant the withdrawal of the plea. See United States v. Knorr, 942 F.2d 1217, 1219 (7th Cir.1991); United States v. Alvarez-Quiroga, 901 F.2d 1433, 1436 (7th Cir.), cert. denied, 111 S.Ct. 203 (1990); United States v. McFarland, 839 F.2d 1239, 1240-41 (7th Cir.), cert. denied, 486 U.S. 1014 (1988). This he failed to do.
 
 
 3
 Wood claims that he pleaded guilty out of fear that the government would prosecute his wife and daughter. The transcript of the guilty plea hearing belies this claim. Wood stated at the hearing that he read the plea agreement before he signed it; he understood its provisions which included a promise by the United States Attorney's Office not to bring any charges against his wife and daughter; he was aware of the consequences of pleading guilty; he was entering into the plea agreement because he was, in fact, guilty; no one forced or threatened him to plead; entry of the plea was in his best interests; and he was satisfied with the job done by his attorney. Based on the transcript, it is clear that Wood was under no duress but rather knowingly and voluntarily pleaded guilty.
 
 
 4
 Wood also claims that the double jeopardy clause of the Fifth Amendment, as interpreted in Grady v. Corbin, 495 U.S. 508 (1990), precluded his guilty plea based on his prior conviction for wire fraud, 18 U.S.C. § 1343, in the Western District of Michigan.*** In Grady, the Supreme Court held that "the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." 495 U.S. at 510. The Court disclaimed any intention of adopting a "same evidence" test, observing that "[t]he critical inquiry was what conduct the state will prove, not the evidence the state will use to prove that conduct." Id. at 521; see United States v. Felix, 112 S.Ct. 1377, 1382 (1992) ("[A] mere overlap in proof between two prosecutions does not establish a double jeopardy violation.").
 
 
 5
 Under Grady, Wood's claim fails. None of the offenses for which Wood was prosecuted in Indiana was the same offense for which he was prosecuted in Michigan. Felix, 112 S.Ct. at 1382. Although both prosecutions arose from the same scheme, each charged offenses occurring on different dates with different victims, and thus they did not involve the "same conduct" for double jeopardy purposes. See id.; see also United States v. Farmigoni, 934 F.2d 63, 66 (5th Cir.1991), cert. denied, 112 S.Ct. 1160 (1992); United States v. Easley, 927 F.2d 1442, 1451-52 (8th Cir.), cert. denied, 112 S.Ct. 199 (1991).
 
 
 6
 Wood next contends that the district court abused its discretion in imposing a sentence on the interstate transportation of securities count, a pre-guidelines offense, to run consecutive, instead of concurrent, with the guideline offenses to which he pleaded guilty in the Western District of Michigan. United States v. Ewings, 936 F.2d 903 (7th Cir.1991), squarely rejects this contention, upholding the propriety of consecutive sentences in just such circumstances. Id. at 910.
 
 
 7
 We conclude that the district court acted properly when it denied the plea withdrawal motion and when it imposed a consecutive sentence on the interstate transportation of securities count. Its judgment is accordingly
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 **
 This appeal was held in abeyance pending the Supreme Court's decision in United States v. Felix, 112 S.Ct. 1377 (1992)
 
 
 ***
 In light of our decision on the merits, we need not address the Government's argument that Wood's guilty plea waived a double jeopardy claim. See United States v. Broce, 488 U.S. 563, 571-74 (1989); United States v. Farmer, 924 F.2d 647, 650 (7th Cir.1991)