986 F.2d 1425
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven L. WOODS, Defendant-Appellant.
 No. 92-1314.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 18, 1993.*
Decided March 2, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIBBLE, Circuit Judges.
 
 Order
 
 1
 After pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), Steven L. Woods moved to withdraw his plea. The district court denied the motion, and sentenced Woods to prison, prompting this appeal.
 
 
 2
 * When a police sergeant in Kankakee, Illinois, searched Woods's car, he found in the trunk a .9 millimeter semi-automatic pistol, a .32 caliber revolver, a .25 caliber revolver, and a .25 caliber semi-automatic pistol. At least one of the guns bore Woods's fingerprints.
 
 
 3
 The plea agreement provided that if "Mr. Woods renders substantial assistance as that term is used in Section 5K1.1 of the Sentencing Guidelines, the government will make a motion for the Court to depart below the mandatory minimum sentence required by statute pursuant to 18 U.S.C. Section 3553(e)." Before sentencing, Woods's attorney attempted to withdraw the plea. The motion alleged that the government did not keep its part of the bargain because it failed to follow up on assistance provided by Woods--a veritable "silver platter", in his lawyer's words, not only naming the names of drug and gun dealers in the Kankakee area, but also including an offer by Woods to go undercover. Woods himself filed a motion the next day asking Judge Baker to allow him to take back his plea. The court held a hearing on both motions.
 
 
 4
 A special agent testified that he had met with Woods. According to the agent, most of the information Woods offered either already was known or could not be corroborated. Although Woods volunteered to go undercover to sell firearms to some of the people he named, incarceration made his offer impractical. After consulting with the special agent, the United States Attorney concluded that Woods's information was not all that helpful. The district court ruled that the government acted neither arbitrarily nor in bad faith by deciding not to recommend downward departure. The plea agreement contained no promise by the government to make such a motion. The court then sentenced Woods to 180 months in prison, to be followed by five years of supervised release.
 
 II
 
 5
 A defendant's right under Federal Rule of Criminal Procedure 32(d) to withdraw his guilty plea prior to sentencing for "any fair and just reason" is, by definition, not absolute. United States v. McFarland, 839 F.2d 1239, 1241 (7th Cir.), cert. denied, 486 U.S. 1014 (1988). What is a "fair and just" reason varies with the circumstances. United States v. Trussel, 961 F.2d 685, 689 (7th Cir.1992). Appellate review is deferential. United States v. Caban, 962 F.2d 646, 649 (7th Cir.1992); United States v. Knorr, 942 F.2d 1217, 1219 (7th Cir.1991).
 
 
 6
 Woods asserts that withdrawal would have been appropriate because the government did not recommend downward departure, thereby failing to keep its part of the plea agreement. A plea that rests in any significant degree on a promise by the prosecutor is involuntary unless the promise is fulfilled. Santobello v. New York, 404 U.S. 257, 262 (1971). A defendant thus is entitled to withdraw the plea if the government does not perform on a promise that is material to the agreement. Hill v. Lockhart, 474 U.S. 52 (1985); United States v. Smith, 953 F.2d 1060, 1066 (7th Cir.1992) (prosecutor's failure to file a § 5K1.1 motion); United States v. Alvarez-Quiroga, 901 F.2d 1433, 1436 (7th Cir.), cert. denied, 111 S.Ct. 203 (1990).
 
 
 7
 The plea agreement signed by the government and Woods, however, does not contain a promise on which the prosecutor defaulted. It provides that "if Mr. Woods renders substantial assistance as that term is used in Section 5K1.1 of the Sentencing Guidelines, the government will make a motion for the court to depart below the mandatory minimum sentence required by statute pursuant to 18 U.S.C. Section 3553(3)". That is a big "if". The limited review permitted by Wade v. United States, 112 S.Ct. 1840 (1992), does not assist Woods. Woods does not argue that the government's unwillingness to move for downward departure is based on a suspect classification or otherwise invalid. Rather, he claims that he provided substantial assistance. Although the prosecutors thought otherwise, they did not dishonor the agreement. Instead, they concluded--as they are entitled to--that downward departure was not warranted because Woods did not fulfill his end of the bargain. For that reason the district court did not abuse its discretion in denying Woods's motion.
 
 
 8
 AFFIRMED.
 
 
 9
 RIPPLE, Circuit Judge. I concur in the result.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record