165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David C. LARSON, Defendant-Appellant.
 No. 98-1121.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 12, 1998.
Decided Nov. 23, 1998.
 
 Appeal from the United States District Court for the Western District of Wisconsin. No. 97-CR-33-C-01. Barbara B. Crabb, Judge.
 Before Hon. JOEL M. FLAUM, Hon. FRANK H. EASTERBROOK, Hon. MICHAEL S. KANNE, Circuit Judges.
 
 Order
 
 1
 David Larson pleaded guilty to fraud and was sentenced to 71 months' imprisonment. Larson operated a used car business called "Capitol Corvette." During the Rule 11 colloquy Larson allowed that the prosecution could show that he defrauded both investors and consignors in the business. Larson accepted cars for sale on consignment but treated them as his property, keeping the proceeds from their sales. Larson also induced people to lend him money by promising them security interests in cars worth the whole sum invested. Many of the titles that served as "security" turned out to be from consigned or already-sold cars in which Larson had no interest. The district court concluded that the consignors and lenders collectively lost approximately $3.6 million.
 
 
 2
 Larson moved to withdraw his plea and now contends that the district judge erred in denying this motion. The principal basis of this motion is Larson's expectation that the sentencing hearing would last two or three weeks, and that at sentencing he would have an opportunity to explore in depth the nature of the loss the consignors and investors suffered. When he learned that sentencing follows an abbreviated inquiry, and that much of the evidence he contemplated would be inadmissible (because irrelevant), he asked to withdraw the plea so that he could introduce the same evidence at a trial. Yet during the Rule 11 proceedings Larson acknowledged that he was surrendering his right to confront and cross-examine witnesses against him, and that no promises had been made to induce his plea. Larson insists that he did not view a lengthy sentencing hearing as a "promise"; instead he thought that it was usual. Perhaps this is semantically sound. A district judge might think it wise to ask a defendant whether any assumptions or beliefs, not otherwise mentioned in the plea proceedings, are important to his decision. That would sew up all loose ends. But the judge did not abuse her discretion in holding Larson to his plea. A guilty plea is a solemn event, Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); United States v. McFarland, 839 F.2d 1239 (7th Cir.1988), and a person's disappointment on recognizing that trial and sentencing differ in length and formality is not a good reason to withdraw a plea that was entered voluntarily. See United States v. Coonce, 961 F.2d 1268, 1276 (7th Cir.1992); United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir.1990).
 
 
 3
 The remaining dispute concerns the sentence, which depends on the district court's conclusion that the loss exceeds $2.5 million. The judge calculated the loss at $3.6 million by adding all amounts invested (including the market value of the consigned cars) and subtracting (a) the amounts actually paid to these victims, and (b) the value of any security interests (in the terms of U.S.S.G. § 2F1.1 application note 7(b), "assets pledged to secure the loan."). Larson contends that the district judge also should have subtracted (i) any sums that the investors were likely to recover in his bankruptcy proceedings; (ii) any sums that could have been recovered had the trustee in bankruptcy managed the assets better; and (iii) the amount by which, he contends, the consigned cars were overvalued. (The district court assessed the value of the cars using insurance records and payments; Larson insists that the owners overbilled the insurance companies, which then paid too much on the claims.)
 
 
 4
 None of Larson's proposed adjustments was necessary. Insurance overpayment, if any occurred, is an unfortunate but common outcome of fraudulent schemes like this. It causes real loss to insurers and may be included in the calculation for the same reason that a mugger who leaves an injured victim on the street is liable for any additional harm that comes to the victim before he reaches home. Much the same is true about the claim that the trustee mismanaged the assets of the estate in bankruptcy--which is not to say that mismanagement has been proven. Preventing detours of this kind, in which the district judge would superintend and assess the quality of a different piece of litigation in order to set a sentence, is unnecessary under the Guidelines, which often accept rough estimates. See United States v. Kim Tae Sung, 51 F.3d 92, 95 (7th Cir.1995). The wide ranges in the loss tables make precise calculation less important. Here, for example, the range was $2.5 million to $5 million. Unless the investors recover more than $1.2 million in the bankruptcy, which appears to be unlikely, the subtraction of that potential recovery would not matter.
 
 
 5
 What is more, both the first and the second categories of proposed deductions are based on a misreading of Application Note 7(b). This note says that when a defendant fraudulently obtained a loan by misrepresenting the value of his assets (which occurred here), "the loss is the amount of the loan not repaid at the time the offense is discovered, reduced by the amounts the [lender] has recovered (or can expect to recover) from any assets pledged to secure the loan." Larson essentially asked the district court to delete the words "from any asset pledged to secure the loan", which would enable him to argue that the investors could "expect" a large recovery in the bankruptcy case (or would have received it but for the trustee's decisions). But that is not what the note says. The only amount to be subtracted on the basis of expectation is the value of a security interest, which usually may be determined in a straightforward manner. Associates Commercial Corp. v. Rash, --- U.S. ----, 117 S.Ct. 1879, 138 L.Ed.2d 148 (1997). A judge need not deduct other recoveries, even if they are highly likely. United States v. Saunders, 129 F.3d 925, 931 n. 4 (7th Cir.1997). The district judge gave Larson full credit for all actual security interests. But assets such as the titles (which belonged to the consignors) and the general worth of the business were not "pledged to secure the loan." Investors other than Larson's landlords had no security interests within the meaning of the Uniform Commercial Code, and therefore no deduction was in order under Application Note 7(b). Permitting arguments of the kind Larson seeks to present might indeed drag sentencing on for weeks. He may have hoped that this would happen, but the Guidelines do not contemplate or require it.
 
 AFFIRMED