Blaisdell v. Rochester                    CV-03-138-JD  06/30/03

UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


George Blaisdell

     v.                                  Civil No. 03-138-JD
                                         Opinion No. 2003 DNH 113
City of Rochester, New Hampshire


                              O R D E R


     The plaintiff, George Blaisdell, proceeding pro se, returns

to this court to recover damages from the City of Rochester for

the loss of property which he claims occurred when the city

demolished a structure at 125 Charles Street, where Blaisdell

once lived.  He brings suit under 42 U.S.C. § 1983, alleging that

Rochester deprived him of "personalty" without just compensation

in violation of due process.  Rochester moves to dismiss

Blaisdell's claim on the grounds that it is barred by the Rooker-

Feldman doctrine and collateral estoppel.[1]


                             Background

     Blaisdell alleges that he lived at 125 Charles Street,

Rochester, New Hampshire, from December of 1970 until February of

_____

     [1]See District of Columbia Court of Appeals v. Feldman, 460
U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413
(1923).

1993. The City of Rochester claimed a tax title to the house in 1985, and the city and Blaisdell litigated the issue of title to the property. On February 23, 1993, the 125 Charles Street property was damaged by fire. The city took possession of the property after the fire, removed vehicles from the property, and had the house and garage demolished in April of 1993.

Blaisdell previously brought takings claims in this court, along with other related state law claims, arising from the removal of the vehicles and demolition of the 125 Charles Street structures. Summary judgment was granted in favor of the city on the takings claims because Blaisdell failed to show that the State of New Hampshire did not provide adequate post-deprivation remedies and because the record demonstrated that the city, not Blaisdell, held legal title to the real property at 125 Charles Street. Blaisdell then brought suit in state court against the city and other defendants, alleging conversion of personal property, malicious prosecution, intentional infliction of emotional distress, and civil conspiracy.

The state court granted summary judgment in the defendants' favor except as to the conversion claim against the city. After a two-week trial on the conversion claim in February of 2002, the jury found against Blaisdell. Responding to questions on the verdict form, the jury found that Blaisdell did not own or have a

2

right to possess or control any of the personal property, including motor vehicles, at 125 Charles Street and that the city was authorized to demolish the structure at 125 Charles Street. Blaisdell's suit here alleges that "[t]he City violated Blaisdell's right to just compensation under the fifth and fourteenth Amendments to the United States Constitution regarding the seizure, the destruction, and the taking of Blaisdell's personalty, which personalty Blaisdell had a legally recognized property right in, including actual possession and title to the said personalty, in that the City has paid Blaisdell no just compensation as required." Complaint ¶ 33.

## Discussion

In considering a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Calderon-Ortiz v. Laboy-Alvarado, 300 F.3d 60, 63 (1st Cir. 2002). The court must determine whether the complaint, construed in the proper light, "alleges facts sufficient to make out a cognizable claim." Carroll v. Xerox Corp., 294 F.3d 231, 241 (1st Cir. 2002). The court may also draw from undisputed court documents generated in proceedings referenced in the complaint. See Prisma Zona Exploratoria de

3

<u>P.R. v. Calderon</u>, 310 F.3d 1, 2 (1st Cir. 2002).

Rochester contends that Blaisdell's takings claim is barred by the <u>Rooker-Feldman</u> doctrine due to the state court judgment against Blaisdell on his conversion claim, based on the same alleged property loss. Alternatively, Rochester asserts that the claim is barred by collateral estoppel. Blaisdell believes that because he originally brought the takings claim in this court and the claim was denied when he failed to show that the state did not provide adequate post-deprivation remedies, he is now entitled to pursue the claim, having lost in state court. Blaisdell is mistaken.

The <u>Rooker-Feldman</u> doctrine prohibits lower federal courts from reviewing state court judgments. <u>Picard v. Members of Employee Retirement Bd.</u>, 275 F. 3d 139, 145 (1st Cir. 2002). Lower federal courts are barred from reviewing any claim that is "inextricably intertwined" with claims decided in a state court. <u>Sheehan v. Marr</u>, 207 F.3d 35, 40 (1st Cir. 2000). Claims are inextricably intertwined "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." <u>Hill v. Town of Conway</u>, 193 F.3d 33, 39 (1st Cir. 1999).

To state a takings claim, Blaisdell must allege facts to show that he had a legally recognized interest in property that was taken by the city without just compensation. <u>See</u> <u>Blaisdell</u>

4

v. City of Rochester, Civil No. 97-82-M, at *5-6 (D.N.H. Jan. 4, 1999). Blaisdell alleges that he had legally recognized property rights in "personalty" that was located at 125 Charles Street.[2]

Contrary to Blaisdell's allegations here, the jury in the state proceeding found that he did not own or have the right to possess or control any of the personal property he claimed at 125 Charles Street.[3] For Blaisdell to succeed on his takings claim in this court, the factfinder would necessarily have to decide that Blaisdell owned or had property rights in the personalty he claims so that the state determination was wrong. Such a determination is therefore inextricably intertwined with the state court determination and is barred by Rooker-Feldman.

Due process requires a constitutionally adequate review process but does not guarantee that a claimant will be successful. See Amsden v. Moran, 904 F.2d 748, 756 (1st Cir. 1990). Blaisdell has pointed to nothing in the state proceeding that would suggest an unconstitutional deprivation of due

---

[2]"Personalty" is defined as: "Personal property; movable property; chattels; property that is not attached to real estate." Black's Law Dictionary 1144 (6th ed. 1990).

[3]It was previously determined in this court that the city held legal title to the real property at 125 Charles Street. See George Blaisdell v. City of Rochester, Civil No. 97-82-M, at *6-7 (D.N.H. Oct. 19, 1999).

process.[4]   Therefore, Blaisdell's taking claim is barred by the Rooker-Feldman doctrine and is dismissed.


## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 4) is granted.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 30, 2003

cc:  George Blaisdell, pro se

---

[4]Although Blaisdell emphasizes the differences between his conversion claim brought in state court and his takings claim here, he does not explain why he did not bring the takings claim in state court.

6