**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roman ALVAREZ–QUIROGA,**
**Defendant–Appellant.**

**No. 89–1918.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 15, 1990.

Decided May 10, 1990.

As Amended June 12, 1990.

Frances C. Hulin, Asst. U.S. Atty., Office of the United States Attorney, Danville, Ill., for U.S.

J. Steven Beckett, Champaign, Ill., for defendant-appellant.

Before WOOD, Jr., COFFEY, and FLAUM, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

The defendant, Roman Alvarez–Quiroga, who entered a guilty plea to an indictment charging him with possession with intent to distribute seventy-two kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), raises two issues on appeal. First, the defendant asserts that in accepting his guilty plea, the district judge erred by not informing him of the applicable sentencing range for his offense under the Sentencing Guidelines. Second, the defendant claims that the district court should have allowed him to withdraw his guilty plea because it was not knowingly, intelligently, and voluntarily made.

Attorney Steven Helm was initially appointed to represent the defendant. Mr. Helm filed various pretrial motions on behalf of his client, including a motion to quash the arrest and to suppress the seized cocaine evidence. The district court denied these motions and the case proceeded to trial. After jury selection, the defendant

and his wife each advised the court that they wished to change their previously entered pleas of not guilty to guilty in accordance with a plea agreement. The defendant, a Spanish-speaking resident alien from Houston, Texas, was at all times assisted by an interpreter, although the record shows he had an understanding of English.

The terms of the plea agreement were simply that the defendant would plead guilty to the charged offense without any agreement about the sentence to be imposed. The defendant's wife also would enter an open guilty plea, but to a lesser charge. The district judge conducted a hearing and accepted the defendant's plea. With a little help from roommates at the jail, defendant filed a *pro se* motion on January 14, 1989, seeking to discharge his attorney, disqualify the interpreter, and withdraw his guilty plea. The district court held a hearing on these motions and denied all of them in a written memorandum. Mr. Helm subsequently withdrew from representation of the defendant, and new counsel, J. Steven Beckett, was appointed. A supplementary motion to withdraw defendant's guilty plea was then filed charging that the defendant's plea was not knowing and voluntary and that the defendant had ineffective assistance from his prior counsel. The district court held another hearing and denied the defendant's second motion to withdraw his guilty plea.

After a sentencing hearing, the district court sentenced the defendant to 151 months of incarceration with a five-year term of supervised release. This appeal followed.

## ANALYSIS

### I. Sentencing Guidelines Advice

The defendant argues that before he entered his plea of guilty the court should have advised him of the Sentencing Guidelines base offense level of the offense with which he was charged. The defendant argues that the district court should have warned him that under the Sentencing Guidelines a charge of possession with intent to distribute seventy-two kilograms of cocaine, which was the amount seized in the search of the automobile being driven by defendant, has a base offense level of 36. Guidelines § 2D1.1 Drug Quantity Table. The defendant also alleges that the court should have further admonished him that cross-referencing the defendant's category I criminal history with his offense level of 36 yields a sentencing range of 188 to 255 months imprisonment. Guidelines, ch. V, pt. A. The defendant essentially contends that because the district court did not comply with Federal Rule of Criminal Procedure 11's requirement that the court advise him of the mandatory minimum and maximum penalty for his offense under the Sentencing Guidelines, his plea was invalid and we must therefore vacate his sentence.[1]

We need not pursue this issue further, however, because since this case was briefed and argued the Rule 11 issue was fully and carefully considered in *United States v. Salva*, 894 F.2d 225 (7th Cir.1990). In *Salva*, we rejected the defendant's suggested broad interpretation of Rule 11 and held that Rule 11 does not require district court judges to predict the applicable sentencing range under the Guidelines for de-

---

1. Rule 11(c)(1) provides:

(c) **Advice to Defendant.** Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, in-

cluding the effect of any special parole term or term of supervised release.... Fed.R.Crim.P. 11 (1989).

An amendment to Rule 11 that took effect December 1, 1989, does require district courts to inform a defendant of "the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances," but that amendment does not apply to this case. Fed.R.Crim.P. 11.

fendants who are entering guilty pleas. *Id.* at 230.

## II. *Withdrawal of Guilty Plea*

Defendant claims that the district court erred in denying him the right to withdraw his guilty plea under FED.R.CRIM.P. 32(d) because the plea was involuntary and it occurred in the absence of effective assistance of counsel.[2] Defendant also claims that because of his status as a Spanish-speaking resident alien with only two years of formal education, and because of his misunderstandings with his first appointed counsel, his plea was entered out of ignorance, fear, or inadvertence. Defendant cites *United States v. Stayton*, 408 F.2d 559, 560 (3d Cir.1969), and *United States v. Kobrosky*, 711 F.2d 449, 454 (1st Cir.1983), as support for his argument that it was error to deny the withdrawal of his plea because such withdrawal requests before sentencing should be construed liberally in favor of the accused. Both the Third and First Circuits apply a more liberal standard of review for plea withdrawals than the dual standards we have traditionally applied. Moreover, *Stayton* was decided long before the 1983 amendment to Rule 32(d) requiring the defendant to demonstrate a "fair and just reason" for a presentence guilty plea withdrawal. Since the 1983 amendment to Rule 32(d), the Third Circuit has applied a more stringent standard of review. *See United States v. Martinez*, 785 F.2d 111, 113 (3d Cir.1986) ("We have consistently recognized that a criminal defendant has no absolute right to withdraw a guilty plea under Rule 32(d) and that a trial court's determination on a motion under the Rule will be disturbed only if the court has abused its discretion.") The First Circuit in *Kobrosky* does characterize the Rule 32(d) standard as "a liberal one," and states that it will review a district court's ruling on a plea withdrawal motion under an abuse of discretion standard.

■ Rule 32(d) requires that a defendant provide a "fair and just reason" for the withdrawal of a guilty plea. One "fair and just reason" for a plea withdrawal is that the plea was involuntary. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *United States v. Ellison*, 835 F.2d 687, 692–93 (7th Cir.), *cert. denied*, 479 U.S. 1038, 107 S.Ct. 893, 93 L.Ed.2d 845 (1987). Nonetheless, a defendant does not have an absolute right to withdraw a guilty plea, and the decision whether to allow a plea withdrawal is within the sound discretion of the district court. *United States v. McFarland*, 839 F.2d 1239, 1241 (7th Cir.), *cert. denied*, 486 U.S. 1014, 108 S.Ct. 1750, 100 L.Ed.2d 212 (1988); *United States v. Fountain*, 777 F.2d 351, 358 (7th Cir.1985), *cert. denied*, 475 U.S. 1029, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986). We will uphold the district court's factual findings on this issue unless they are clearly erroneous. *McFarland*, 839 F.2d at 1241; *United States v. Suter*, 755 F.2d 523, 525 (7th Cir.), *cert. denied*, 471 U.S. 1103, 105 S.Ct. 2331, 85 L.Ed.2d 848 (1985).

Defendant alleges that his first attorney met infrequently with him; failed to advise him of the possibility of a conditional plea; neglected to inform him that he could call character witnesses from his home area; and failed to advise him that he could have raised a "scienter" defense, that is, he could have claimed that he did not know he was transporting an illegal substance. Further, defendant claims that he pled guilty out of fear for his family's welfare because of the possibility that his son might be jailed and his wife was facing a substantial prison term on her plea.

■ We believe that Chief Judge Baker properly denied the defendant's Rule 32 motion. Before concluding that the plea was supported by a factual basis showing

---

**2.** Rule 32(d) provides:

> If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of

any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.
FED.R.CRIM.P. 32(d).

guilt and that it had been entered voluntarily and with adequate assistance of counsel, the trial judge conducted as full and careful a hearing as any trial judge could have reasonably done in the circumstances. The record clearly reveals that Judge Baker anticipated correctly that the defendant might later have second thoughts about his guilty plea. The judge's care and thoroughness in the hearing, however, foreclosed any challenge to the voluntariness of the defendant's guilty plea.

The defendant may have had some difficulty with the English language, as he claims, but he conversed with the State Police officers at the time of his arrest, with his counsel, and with the court. The court provided the defendant with a competent interpreter whenever help was needed, but the defendant even complains about his interpreter. The interpreter, Professor Blaylock of the Language Department of the University of Illinois, was fluent in Spanish. Judge Baker found the interpreter to be competent and impartial, and nothing in the record suggests otherwise.

At the time of his arrest on September 27, 1988, the defendant was driving north toward Chicago on Interstate 55 near Pontiac, Illinois. State Police officers stopped the defendant for exceeding the speed limit.[3] The defendant was accompanied by his wife, son, and young daughter. The record of the suppression hearing reveals that when the officers asked if they might search the car, the defendant responded, "Sure, go ahead." The officers examined the car's contents and found nothing of interest, except that the ceiling of the car was suspiciously thick. They then asked the defendant if they could loosen a piece of the molding securing the headliner in place. Again the defendant consented. Once the headliner was loosened, the officers noticed a package resembling wrapped drug contraband between the headliner and the car's roof. A more thorough search at State Police headquarters revealed that the car's headliner concealed seventy-two kilograms of cocaine. Defendant's first attorney later sought to suppress the evidence on the basis that the stop and search were illegal. After a hearing, the defendant's suppression motion was denied. That denial gives rise to defendant's subsequent claim that he should have been advised of the possibility of entering a conditional plea that would have reserved his right to challenge the validity of the search on appeal.

When a defendant asserts that his guilty plea is not voluntary and intelligent because of counsel's erroneous advice, "he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" *Tollett v. Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)); *see also United States v. Teller*, 762 F.2d 569, 575 (7th Cir.1985). The failure of defendant's original attorney to seek a conditional plea agreement cannot be charged to attorney incompetence. A conditional plea is not just the defendant's choice. Federal Rule of Criminal Procedure 11(a)(2) requires that both the government and the court find such a plea to be acceptable.[4] There was nothing about the stop and search evidence to suggest to defendant's counsel, the government, or the court that there was even a close question about the validity of the search. There was no reason for the government or the court to accept a conditional plea offer even if one had been made. Under these circumstances, defense counsel's advice to enter an unconditional plea of guilty was well within the range of competent performance expected of a criminal defense attorney.

At the time of the search the defendant told the officers he did not own the automobile, but that it belonged to a friend whose name he could not remember. While the defendant was standing away from the car and speaking to one officer, his son in the

---

**3.** It may be of interest to many who use Illinois highways that the stop was made for driving 68 miles per hour in a 65 mile per hour zone.

**4.** Rule 11(a)(2) provides:

> With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal

car informed another officer that the family was on the way to Chicago to visit a sick aunt. The defendant, who was out of earshot of his son's conversation, told the other officer that they were traveling to Chicago to visit friends. When he was later confronted with his son's story, the defendant refuted it and claimed that his son must have been referring to a dying aunt in Mexico. The defendant's voluntary responses did little to instill confidence in his veracity. When the cocaine was discovered the defendant claimed he did not know what it was, but he admitted that he did know that there was something "bad" in the car somewhere. As we have noted in cases discussing the "ostrich" instruction, knowledge can be inferred from a combination of strong suspicion and indifference to the truth; a defendant may not escape culpability by willfully shutting his eyes for fear of what he would learn. *See United States v. Holland*, 831 F.2d 717, 722–23 (7th Cir.1987); *United States v. Ramsey*, 785 F.2d 184, 189 (7th Cir.), *cert. denied*, 476 U.S. 1186, 106 S.Ct. 2924, 91 L.Ed.2d 552 (1986); *United States v. Josefik*, 753 F.2d 585, 589 (7th Cir.), *cert. denied*, 471 U.S. 1055, 105 S.Ct. 2117, 85 L.Ed.2d 481 (1985).

■ The defendant's willful ignorance, however, appears to be the basis for what his present defense counsel argues should have been made into a scienter defense. Not content with evidence of inferred knowledge, Judge Baker required the government to present all additional evidence of defendant's guilty knowledge. The government complied by presenting seized and subpoenaed documents concerning automobile insurance and telephone records and the testimony of the defendant's daughter. All of this evidence supported the inference that the defendant was guilty of the crime to which he pled. The district judge held that even if the defendant spoke truthfully when he claimed that he did not know that he car-

ried *cocaine* in the car, he had admitted he had an illicit cargo of some kind, which should have prompted him to investigate. The district judge correctly determined that the defendant could not profit from his willful avoidance of further knowledge. The distribution intent followed from the transportation from Texas with Chicago as the intended final destination. It is not necessary that the defendant acknowledge the truth of all the facts essential to guilt, *United States v. Lumpkins*, 845 F.2d 1444, 1445 (7th Cir.1988), since the determination of a basis for the plea need not arise only from a colloquy between the judge and the defendant but may be aided by other things of record. *United States v. Fountain*, 777 F.2d 351, 356 (7th Cir.1985), *cert. denied*, 475 U.S. 1029, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986). The factual basis for acceptance of defendant's guilty plea was clear.

The defendant claimed generally that his first attorney acted disinterested in him, avoided communicating with him, and forced him into pleading guilty. There is no reason to pursue the details of those complaints and no evidence in the record supports them. Judge Baker specifically found after presiding over all the various proceedings and listening to defendant's complaints that defendant "had been represented by able and vigorous counsel." We see no basis to disturb those findings that are not clearly erroneous.

Defendant's assertion that he did not know he could subpoena his own character witnesses is also without foundation. One possible character witness, his pastor in Texas, had come on his own to visit the defendant during these proceedings. There was also evidence from the daughter that the family discussed calling character witnesses and decided against it. Defendant's initial counsel also stated that he had fully advised his client of his right to subpoena witnesses.

The defendant also claimed not to have understood what his sentence might be

---

from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

FED.R.CRIM.P. 11(a)(2).

apart from the Guidelines controversy. The court clearly informed the defendant what his sentence could be, from 10 years to life, and so did his counsel. Defendant acknowledged he knew the range, but later tried to convert some expressed hopes for a sentence less than the minimum into a failure by the trial court to fully advise him of the sentence possibilities. That effort is also without merit, as are all his other objections to the plea acceptance.

There is no claim that defendant had potentially exculpatory evidence, or any other meritorious defense that he was prevented from offering, and we see no hint of a meritorious defense in this record. The government also states that it would have been prejudiced if the plea withdrawal had been allowed because the defendant changed his plea after the jury had been seated, after opening statements had taken place, and while the witnesses were assembled and ready to testify. Because we have determined that the defendant has failed to provide a "fair and just reason" for a plea withdrawal, there is no basis for considering if a plea withdrawal would prejudice the government. *See* Fed.R. Crim.P. 32(d) advisory committee note.[5] There was also a relationship between the defendant's plea agreement and his wife's plea agreement that would have been adversely affected at least to some extent had the defendant been permitted to withdraw his plea.

If we were to find fault with the plea proceedings in this case then it would be virtually impossible for any competent trial judge to accept a plea of guilty in similar circumstances involving any foreign-speaking alien. The defendant has presented no "fair and just reason" for the withdrawal of his guilty plea. The district judge did not abuse his discretion in finding that the defendant knowingly, intelligently, and voluntarily pled guilty and in subsequently refusing to allow the defendant to withdraw his plea. Furthermore, Rule 11 of

the Federal Rules of Criminal Procedure did not oblige the district judge to predict the applicable Guidelines sentencing range prior to accepting the defendant's guilty plea. The decision of the district court is therefore Affirmed.

---

5. The advisory committee note to Rule 32(d) discussing the 1983 amendments to the rule states that the amended rule embodies the Second Circuit's analytical approach in *United States v. Saft*, 558 F.2d 1073 (2d Cir.1977). Under the *Saft* approach, "[t]he Government is not required to show prejudice when a defendant

has shown no sufficient grounds for permitting withdrawal of a guilty plea...." *Id.* at 1083. The advisory committee note also states that only after the defendant has established a fair and just reason for a plea withdrawal is an inquiry into government prejudice appropriate.