946 F.2d 897
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Barbara C. McCAIG, Defendant/Appellant.
 No. 90-3748.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 2, 1991.
Decided Oct. 9, 1991.
 
 Before BAUER, Chief Judge, and CUMMINGS and WOOD, JR., Circuit Judges.
 
 ORDER
 
 1
 Barbara McCaig pled guilty to four counts of bank fraud in violation of 18 U.S.C. § 1344 and one count of financial transaction money laundering in violation of 18 U.S.C. § 1956(a)(1)(b). McCaig appeals, contending that her guilty plea was not voluntarily or intelligently made and that the district court deprived her of constitutionally effective counsel at sentencing. We affirm McCaig's conviction and sentence.
 
 BACKGROUND
 
 2
 On November 14, 1989, a federal grand jury indicted McCaig on forty-five counts of bank fraud and one count of financial transaction money laundering. The indictment alleged that McCaig fraudulently obtained $16,000,000 in funds from four financial institutions. McCaig retained attorney Gerald Boyle, who represented her until February 26, 1990, when the district court permitted Mr. Boyle to withdraw. The district court then appointed attorney David Lowe to represent McCaig.
 
 
 3
 On March 12, 1990, McCaig pled guilty to five counts of the forty-six count indictment. Seven months after McCaig pled guilty, she filed, with the assistance of newly retained attorneys Robert Wilson and John Cooney, a motion for substitution of attorney, a motion for continuance, and a motion to vacate her guilty plea under Fed.R.Crim.P. 32(d). The sentencing hearing took place one week later. McCaig, appointed counsel Lowe, and retained attorneys Cooney and Wilson, were all present at the sentencing hearing.
 
 
 4
 The district court judge heard arguments on McCaig's three motions. Lowe requested that the court allow him to withdraw as counsel for McCaig because of the allegations concerning his representation contained in the three motions. The district court denied McCaig's motion to vacate her guilty plea. Additionally, he denied her motion for a continuance and told her that she could proceed "with Mr. Lowe, proceed with the two lawyers from Chicago [Cooney and Wilson] ..., or sit silent, ..., and be a passive bystander in this proceeding." On McCaig's behalf, attorney Cooney informed the court that "McCaig would sit silent over her objection and have the court do what it will."
 
 
 5
 The court ruled that Lowe would not be discharged until after sentencing. Lowe advised the court that he had not yet reviewed the presentence report with McCaig. The district court sentenced McCaig to four years' imprisonment and three years' supervised release.
 
 ANALYSIS
 A. Withdrawal of Guilty Plea
 1. Ineffective Assistance of Counsel
 
 6
 On appeal, McCaig argues that the district court erred by denying her motion to withdraw her guilty plea. "Guilty pleas are generally accorded finality." Marx v. United States, 930 F.2d 1246, 1250 (7th Cir.1991). There is no absolute right to withdraw a guilty plea. United States v. Alvarez-Quiroga, 901 F.2d 1433, 1436 (7th Cir.1990). Rather, the burden is on the defendant to demonstrate that a fair and just reason exists for withdrawal. Id. The district court's factual findings regarding whether a fair and just reason exists for withdrawal will be upheld unless "clearly erroneous," and its decision whether to allow withdrawal of the plea will be reversed only for an abuse of discretion. Id.
 
 
 7
 McCaig contends that counsel's ineffectiveness rendered her plea involuntary. Guilty plea challenges based on ineffective assistance of counsel claims are evaluated under the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668, 687-88 (1984). United States v. Henry, 933 F.2d 553, 561 (7th Cir.1991). Thus, in order to succeed, McCaig must first prove that her counsel's "representation fell below an objective standard of reasonableness...." Id. Second, because McCaig pleaded guilty, she must show that, but for counsel's alleged ineffectiveness, she would have demanded a trial instead of pleading guilty. United States v. Liss, 915 F.2d 287, 291 (7th Cir.1990).
 
 
 8
 In connection with her guilty plea, McCaig presents a number of complaints purportedly establishing ineffective assistance of counsel.[1] McCaig claims she met with counsel for a total of 90 minutes and only once for 20 minutes before the plea hearing. Additionally, McCaig claims that counsel failed to review sufficient documentation which would allow him to properly advise her to plead guilty. Essentially, McCaig is challenging the effectiveness of her counsel's pretrial investigation. As such, she must overcome " 'the strong presumption that counsel's conduct falls within the wide range of professional assistance." ' Henry, 933 F.2d at 561 (quoting Strickland, 466 U.S. at 689).
 
 
 9
 This she has not done. McCaig's mere assertion that she met with counsel for a total of only 90 minutes is insufficient to overcome this burden. Henry, 933 F.2d at 561 (defendant's allegation that he met with his public defender for only ten to fifteen minutes before he pleaded guilty was insufficient to overcome presumption of reasonable assistance). Moreover, there is no evidence in this record indicating a lack of pretrial investigation. For example, the record does not reveal if McCaig's counsel conducted any informal discovery, and "... a blank record cuts in favor of, not against, effective assistance." United States v. Ashimi, 932 F.2d 643, 649 (7th Cir.1991). Furthermore, McCaig does not tell this court what documents her attorney failed to review. Consequently, McCaig has failed to overcome the presumption that her attorney's pre-trial preparation was adequate. See United States v. Berkowitz, 927 F.2d 1382, 1383 (7th Cir.1991) (defendant's mere statement that counsel did not seek copies of records government seized was insufficient to overcome presumption of attorney's adequacy).
 
 
 10
 Even if this court were to find that McCaig's counsel's investigation was deficient, McCaig has failed to demonstrate any prejudice from this deficiency. Id. at 1382. McCaig does not identify in this court what evidence her attorney would have discovered had he reviewed "sufficient documentation." See Ashimi, 932 F.2d at 643 (in order to determine whether counsel's inadequate investigation prejudiced the defendant, the court must know what information such investigation would have revealed). McCaig asserts that the district court might not have accepted her guilty plea had counsel conducted adequate pre-trial investigation. However, McCaig's self-serving statement, standing alone, is insufficient to prove that, but for counsel's alleged failures the result of the proceedings would have been different. Toro v. Fairman, No. 89-3617, slip op. at 6 (7th Cir. Aug 19, 1991) (self-serving speculation is insufficient to sustain an ineffective assistance of counsel claim); United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir.1990) ("mere allegation by defendant that he would have insisted on going to trial is insufficient to establish prejudice").
 
 
 11
 McCaig also claims that counsel did not review the facts of the charged offenses with her before he advised her to plead guilty. However, the transcript of the plea hearing indicates to the contrary. At the hearing, McCaig told the court that she had sufficient opportunity to discuss her case with defense counsel and that she understood the terms and conditions of the plea agreement. This court is entitled to accord this record a presumption of truth. See United States v. Liss, 915 F.2d 287, 292 (7th Cir.1990) (Rule 11 guilty plea proceedings are accorded a presumption of verity). Consequently, McCaig has also failed to prove that she was prejudiced by counsel's alleged failure.
 
 
 12
 Finally, McCaig's vague allegation that counsel failed to raise "certain objections" at the plea hearing to the government's offer of proof is insufficient to satisfy her burden under Strickland. On appeal, McCaig does not indicate what specific objections she requested her attorney to make at the plea hearing. Nor does she reveal how making such objections could have successfully affected her decision to plead guilty. See United States v. Williams, 910 F.2d 1574, 1581 (7th Cir.1990) (conclusory statements that counsel's failure to challenge search warrant amounted to ineffective assistance is insufficient to succeed on ineffective assistance of counsel claim). Consequently, counsel's alleged failure to object to the government's offer of proof is attributed to routine trial stratagem. See United States v. Muehlbauer, 892 F.2d 664, 669 (7th Cir.1990) (absent evidence of what witness's testimony would have been, court attributes counsel's failure to call such witness as a routine trial tactic).
 
 
 13
 On this record there is no evidence of ineffective assistance of counsel.
 
 2. Mental Stress
 
 14
 McCaig also attempts to set aside her guilty plea by arguing that her plea was involuntary because when she pleaded guilty she was suffering from "undue mental stress." As the government correctly points out, the record is devoid of any information to support McCaig's claim of undue stress.[2] Even if McCaig was suffering from stress at the time she pleaded guilty, the record supports the conclusion that McCaig knowingly and voluntarily pleaded guilty. In response to the district court's questions, McCaig stated that she had discussed the case with her attorney, she understood the nature of the charges against her, she understood the maximum possible penalty she could receive, and she understood that by pleading guilty she was giving up important constitutional rights. " 'Rational conduct requires that voluntary responses made by a defendant under oath [when entering a guilty plea] ... be binding.' " United States v. McFarland, 839 F.2d 1239, 1240 (7th Cir.1988) (citation omitted).
 
 3. Review of Presentence Report
 
 15
 McCaig takes one last shot at setting aside her guilty plea by arguing that she was not fully aware of the consequences of pleading guilty and what her probable sentence would be because she pleaded guilty prior to reviewing the presentence report. McCaig cites United States v. Salva, 894 F.2d 225, 230 (7th Cir.1990), for the proposition that a defendant will not fully understand the consequences of a plea agreement unless she first receives and reviews the presentence report. McCaig makes this argument for the first time on appeal, therefore, it is waived. Henry, 933 F.2d at 557-58. Even so, as discussed above, the transcript of the plea hearing reveals that McCaig knowingly and voluntarily pleaded guilty.
 
 
 16
 The district court's findings that McCaig did not demonstrate a fair and just reason to withdraw her plea were not clearly erroneous, and the court did not abuse its discretion in refusing McCaig's motion.[3]
 
 B. Sentencing
 1. Ineffective Assistance of Counsel
 
 17
 McCaig claims that the district court should have granted a continuance in order to allow newly retained attorneys Cooney and Wilson to prepare for sentencing. McCaig, through retained attorneys Wilson and Cooney, filed a motion for a continuance and a motion for a substitution of attorneys. These motions contained negative allegations about appointed counsel's representation. At sentencing McCaig's appointed counsel made a motion to withdraw because, he stated, "allegations have been made about my representation ... I think there is now definitely a conflict of interest between myself and Ms. McCaig...." Later on during the hearing, appointed counsel repeated his belief that a conflict existed between himself and McCaig.
 
 
 18
 The district court denied the motion for a continuance, reasoning that McCaig requested a continuance to "delay the judgment day in the case." It then gave McCaig the option of proceeding with Cooney and Wilson, without the benefit of a continuance or proceeding with her appointed attorney. Cooney and Wilson refused to proceed without a continuance and told the court that "McCaig would sit silent over her objection and have the court do what it will." The district court refused to relieve appointed counsel and required him to represent McCaig at sentencing.
 
 
 19
 A district court's decision to deny a continuance will be upheld, absent an abuse of discretion. United States v. Turk, 870 Fl.2d 1304, 1307 (7th Cir.1989). To demonstrate an abuse of discretion, McCaig must show that she was actually prejudiced by the district court's refusal to grant a continuance. Id. McCaig argues that the district court's refusal to grant a continuance forced her to proceed with ineffective assistance of counsel because a conflict of interest existed between herself and appointed counsel. In order to prove ineffective assistance of counsel due to a conflict of interest, McCaig must show that her "counsel actively represented conflicting interests" which negatively affected her counsel's performance. Cuyler v. Sullivan, 466 U.S. 335, 350 (1980).
 
 
 20
 This McCaig has not done. McCaig does not identify for this court the particulars of the alleged conflict. Nor does she demonstrate how this "conflict" adversely affected appointed counsel's representation. She has offered only appointed counsel's statements at sentencing that a conflict of interest existed between himself and McCaig. The sentencing hearing transcript indicates that when appointed counsel made those statements he was not referring to an actual conflict of interest, but rather he was referring to his client's lack of confidence in him, the negative allegations about his performance contained in McCaig's motions, and the resulting deterioration of the attorney-client relationship. These facts do not establish an actual conflict. Cf. United States v. Solina, 733 F.2d 1208, 1211 (7th Cir.1984) (antagonism between attorney and client did not amount to a conflict of interest). Furthermore, the sixth amendment right to effective representation does not "guarantee a 'meaningful attorney-client relationship' between the accused and counsel." Turk, 870 F.2d at 1307; Holifield v. United States, 909 F.2d 201, 205 (7th Cir.1990). Thus, requiring McCaig to proceed with appointed counsel did not violate the Sixth Amendment. Turk, 870 F.2d 1308 (the court is not obligated to "guarantee that [defendant] and her counsel had good rapport").
 
 
 21
 McCaig also argues that the district court erred by refusing the continuance because it knew that appointed counsel was not prepared to proceed at the sentencing hearing. At sentencing, appointed counsel told the court that he had not discussed the presentence report with McCaig because they had not communicated in the last few months.[4] The court asked McCaig if she wanted time to confer with Lowe before he sentenced her. But, McCaig told the court that she wished to proceed immediately. Moreover, McCaig has failed to identify any evidence to demonstrate that she was prejudiced by appointed counsel's representation at sentencing. Toro, No. 89-3617 at 6; Turk, 870 F.2d at 1307 (district court did not abuse its discretion by failing to appoint new counsel when defendant did not claim that she was actually prejudiced by appointed counsel's representation).
 
 
 22
 The record supports the district court's decision to deny McCaig's motion for continuance and require her to proceed with appointed counsel. The district court believed that McCaig's motions were designed to further delay sentencing in her case. The district court had previously granted McCaig's request for appointment of new counsel. Also, even though McCaig retained Cooney and Wilson two weeks before the sentencing hearing, they did not file the motions for continuance and substitution of attorney until four days before the hearing. Furthermore, the district court observed appointed counsel's performance in court on several occasions and was satisfied that he would provide McCaig effective representation at sentencing. See Turk, 870 F.2d at 1307-08. Thus, the district court did not abuse it's discretion in denying McCaig's requests.
 
 2. Late Delivery of the Presentence Report
 
 23
 Finally, McCaig asserts that the district court erred when it proceeded with sentencing even after she informed it that she had received the presentence report late. McCaig informed the court that she received the presentence report only five days before the sentencing hearing. The probation officer advised the court that the presentence report was available for McCaig to pick up ten days before sentencing, but that it was sent to the wrong address. The district court judge refused to adjourn the proceedings stating that "[i]f there was a slip up and less than ten days was provided, so be it...."
 
 
 24
 Absent a waiver, 18 U.S.C. § 3553 requires that the presentence report be disclosed to the defendant, his counsel, and the government attorney at least ten days before sentencing. The government argues that the McCaig waived her right to receive the report ten days prior to sentencing. The record is not clear on this point and the district court made no findings concerning the delivery of the presentence report. However, we need not decide if McCaig waived timely delivery of the presentence report because she has failed to argue how she was prejudiced by the allegedly untimely delivery of the presentence report. "In the absence of any prejudice, the late delivery of the report is harmless error." United States v. Turner, 898 F.2d 705, 714 (9th Cir.1990) (citing Fed.R.Crim.P. 52(a)).
 
 CONCLUSION
 
 25
 For the reasons state herein, McCaig's conviction and sentence are Affirmed.
 
 
 
 [1]
 McCaig's claim that the district court should set aside her guilty plea because her motion to withdraw set forth an actual conflict of interest is without merit. There is nothing in McCaig's motion to suggest to the district court that at the time counsel advised McCaig to plead guilty he represented conflicting interests such that his performance was adversely impaired. See Cuyler v. Sullivan, 446 U.S. 335, 350 (1980). Rather, McCaig's motion sets forth various allegations challenging her attorney's competence
 
 
 [2]
 After McCaig pleaded guilty, the court ordered a psychological evaluation of McCaig because a probation officer reported that she acted violently on more than one occasion. There is nothing in the report of this evaluation suggesting that at the time McCaig pleaded guilty she was under so much stress that her plea was rendered involuntary
 
 
 [3]
 Likewise, the district court did not abuse its discretion in failing to conduct an evidentiary hearing on McCaig's motion to withdraw her plea of guilty. See United States v. Ray, 828 F.2d 399, 423 (7th Cir.1987) (the defendant must present the district court with a "fair and just reason" for withdrawing his guilty plea in order to receive an evidentiary hearing)
 
 
 [4]
 The parties dispute who is to blame for the lack of communication