25 F.3d 1053
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Baudelio AGUIRRE, Defendant/Appellant.
 No. 93-3759.
 United States Court of Appeals, Seventh Circuit.
 Argued April 27, 1994.
Decided May 18, 1994.
 
 Before ESCHBACH, COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Baudelio Aguirre was charged with one count of conspiracy to distribute cocaine and heroin, nine counts of distribution of mixtures containing either cocaine or heroin, and one count of possession with the intent to distribute approximately 6,000 grams of mixtures containing cocaine. 21 U.S.C. Secs. 841(a)(1), 846; 18 U.S.C. Sec. 2. Pursuant to a written agreement, Aguirre pled guilty to the possession count. Subsequently, Aguirre sought to withdraw his guilty plea, alleging that he did not enter into the plea knowingly and voluntarily. Fed.R.Crim.P. 32(d). He also requested an evidentiary hearing. The district court denied Aguirre's requests, and sentenced him to 120 months of imprisonment. Aguirre appeals.
 
 
 2
 We review the denial of a Rule 32(d) motion to withdraw a guilty plea for an abuse of discretion. United States v. Coonce, 961 F.2d 1268, 1275 (7th Cir.1992). Before a sentence is imposed, a court "may permit withdrawal of a plea [of guilty] upon a showing by the defendant of any fair and just reason." Fed.R.Crim.P. 32(d); see also United States v. Malave, No. 93-2579, slip op. at 3 (7th Cir. April 14, 1994). Where a plea was made involuntarily, it is a fair and just reason to permit withdrawal. United States v. Alvarez-Quiroga, 901 F.2d 1433, 1435 (7th Cir.), cert. denied, 498 U.S. 875 (1990). However, a defendant "does not have an absolute right to withdraw his guilty plea, and the decision to allow him to do so is within the sound discretion of the trial court." United States v. McFarland, 839 F.2d 1239, 1240 (7th Cir.), cert. denied, 486 U.S. 1014 (1988).
 
 
 3
 In his motion to withdraw the guilty plea, Aguirre alleged that he was confused and unaware of the ramifications of the plea agreement and the Rule 11 proceeding, and that he had pled guilty because of "fear and pressure and lack of understanding and advice." On appeal, Aguirre further claims that at all times he wanted to plead not guilty and to proceed to trial, and that his act of pleading guilty was based upon the ill advice of his attorney. According to Aguirre, counsel had informed him that "those words would not amount to a plea of guilty," that he could still go to trial despite pleading guilty, and that he was entitled to a sentence below the statutory minimum.
 
 
 4
 This court has said that "the only rational manner in which a judge may determine whether a plea is knowingly and voluntarily made, is to observe the defendant's demeanor and to rely on the defendant's sworn answers." United States v. Ellison, 835 F.2d 687, 693 (7th Cir.1987); see also United States v. Seavoy, 995 F.2d 1414, 1420 (7th Cir.1993). Thus, voluntary responses made by a defendant under oath before an examining judge bear a strong presumption of verity. United States v. Trussel, 961 F.2d 685, 689 (7th Cir1992); Ellison, 835 F.2d at 693. In this case, the district court conducted a thorough and careful plea colloquy with Aguirre, advising Aguirre of his rights and the consequences of pleading guilty. Aguirre acknowledged that a plea of guilty waives his right to trial. He also stated that he understood what his maximum and minimum penalties would be and that no one had promised him any reward or in any way threatened, forced or coerced him into pleading guilty. Thus, in asserting that his plea was involuntary, contrary to his sworn statements in open court, Aguirre "faces a heavy burden of persuasion." United States v. Caban, 962 F.2d 646, 649 (7th Cir.1992) (quoting Ellison, 835 F.2d at 693). We conclude that the district court did not abuse its discretion when it determined that Aguirre failed to show that "fair and just reason" existed to allow the withdrawal of his guilty plea.
 
 
 5
 Aguirre argued that he pled guilty out of fear and pressure. However, he did not provide any evidence to substantiate these broad allegations. Similarly unsubstantiated is Aguirre's claim of ineffective assistance of counsel.[1] Aguirre claims that counsel misinformed him with respect to the nature of the plea hearing, his right to trial, and his possible sentence. He complained that he only had a one hour conversation with counsel before the hearing and felt counsel was "working for the government." However, nothing in the record supports Aguirre's self-serving statements, United States v. Henry, 933 F.2d 553, 561 (7th Cir.1991), cert. denied, 112 S.Ct. 1703 (1992), or indicates that counsel's performance fell below "the range of competence demanded of attorneys in criminal cases." Alvarez-Quiroga, 901 F.2d at 1437. See also Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993); Strickland v. Washington, 466 U.S. 668, 687-95 (1984). Moreover, unlike cases where counsel's alleged misinformation concerns issues outside the Rule 11 colloquy but bears upon a defendant's decision whether to plead guilty, see, e.g., United States v. Teller, 762 F.2d 569 (1985), Aguirre's allegations involve issues that were specifically addressed at the Rule 11 hearing.
 
 
 6
 In arguing that he was confused and was merely following counsel's instructions at the hearing, Aguirre emphasized that all conversations between himself and counsel were in Spanish. Aguirre seems to suggest that because of his language barrier, he was detached from what was going on at the plea hearing. Although the Rule 11 colloquy was conducted through the help of an interpreter, Aguirre does not claim that he did not understand the interpreter or that the interpreter was incompetent or biased. See Alvarez-Quiroga, 901 F.2d at 1436, 1439. Had Aguirre thought that the trial court's admonition during the plea colloquy contradicted his prior understanding, he could have questioned the court through the interpreter. Aguirre claims that his confusion and reliance on counsel were proven by the fact that when asked whether he persisted in his guilty plea at sentencing, he responded "yes" despite his prior motion to withdraw the guilty plea. However, by the time of sentencing, Aguirre had retained a different counsel, whose performance is unchallenged by Aguirre.
 
 
 7
 Aguirre further contends that the district court should have at least held an evidentiary hearing for him to prove his "un-rebutted allegations." Although evidentiary hearings on motions to withdraw pleas before sentencing should be freely granted, an evidentiary hearing is not a matter of right. Trussel, 961 F.2d at 689; United States v. Fountain, 777 F.2d 351, 358; United States v. Thompson, 680 F.2d 1145, 1151 (7th Cir.1982). A "fair and just reason" for withdrawal of the plea must be presented. Trussel, 961 F.2d at 689; Fountain, 777 F.2d at 368; United States v. Suter, 755 F.2d 523, 525 (7th Cir.), cert. denied, 471 U.S. 1103 (1985). The "numerous allegations" referred to by Aguirre are either insufficient to rebut the verity of Aguirre's sworn statements because of their conclusory nature, or irrelevant to the "knowing and voluntary" inquiry. For instance, Aguirre stated that he did not understand the presentence report and had refused to sign it. He also stated that according to his probation officer, he had not pled guilty and his case was a "special case." Neither of these two allegations relate to Aguirre's state of mind at the time of the guilty plea. Thus, we find that the district court did not abuse its discretion in denying Aguirre's request for a hearing.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 The government responds that Aguirre has waived the ineffective assistance of counsel claim because it was raised for the first time on appeal. Because Aguirre had argued in the district court that he pled guilty "because of ... lack of understanding and advice," we do not think that the issue is clearly waived