42 F.3d 1391
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Francisco MENDEZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3049.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 22, 1994.
Decided Nov. 28, 1994.[1]
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 On February 1, 1993, Francisco Mendez pled guilty to conspiracy to possess with the intent to distribute marijuana in violation of 21 U.S.C. Secs. 841(a)(1), 846. On May 4, 1993, defendant was sentenced to a mandatory minimum term of 60 months' imprisonment. Mendez did not appeal the sentence. Instead, on the day after sentencing, he hired a new lawyer and instructed him to have the plea withdrawn and sentence vacated. On May 20, 1993, the new attorney filed a motion pursuant to 28 U.S.C. Sec. 2255 asking to vacate the sentence. On June 7, 1993, the district court entered an order denying defendant's Sec. 2255 motion to withdraw the guilty plea and vacate the sentence imposed on May 4, 1993.[2] The district court later denied the motion for reconsideration. On appeal, defendant argues that his plea was not knowing, voluntary, and intelligent because he did not speak English and did not understand the interpreter's dialect. We affirm.
 
 
 2
 Relief under Sec. 2255 is available for errors of constitutional magnitude or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice. Borre v. United States, 940 F.2d 215, 217 (7th Cir.1991). Under the procedural default rule, an argument not raised in a direct appeal cannot be raised on collateral review absent a showing of cause for failure to raise the argument earlier and "some showing of actual prejudice resulting from the alleged constitutional violation." United States v. Frady, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) (Sec. 2255); Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (Sec. 2254); Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992) (Sec. 2255).
 
 
 3
 Defendant argues that the cause for his failure to file a direct appeal was his attorney's ineffective assistance of counsel. Yet only one day after sentencing, defendant retained a new attorney who immediately filed a Sec. 2255 action--not a direct appeal, not a Rule 32 motion, and not a Rule 35 motion.
 
 
 4
 Even if defendant were able to show cause, we find that he suffered no actual prejudice. Defendant maintains that if he had understood what the attorney was recommending he plead to, and the resulting sentence that would be imposed, he would have gone to trial. The record, however, establishes that neither defense counsel, the prosecutor, nor the court encouraged defendant to plead guilty without ensuring that the requirements of Rule 11 were satisfied. Cf. Castillo v. United States, 34 F.3d 443 (7th Cir.1994); Nevarez-Diaz v. United States, 870 F.2d 417 (7th Cir.1989).
 
 
 5
 At the plea hearing, the court carefully explained, through an interpreter, the consequences of the guilty plea, including the likely sentence to be imposed, the nature of the charges, the concept of conspiracy or association, the concept of possession of marijuana, and defendant's waiver of his right to a jury trial, and to a speedy trial. The court also informed defendant that even if the sentence imposed was more severe than defendant expected, he would still be bound by the plea agreement.
 
 
 6
 Defense counsel then informed the court that defendant's family and friends had worked with him and with the interpreter to make sure that the translation did not suffer from any idiomatic dialect or regional differences in language. The interpreter went through the entire plea agreement with defendant prior to the hearing. Defense counsel assured the court that he believed defendant fully understood the concepts underlying expressed in the plea agreement.
 
 
 7
 The court went on to note that the interpreter was quite dedicated in her efforts to make the translation as accurate as possible, and that the court itself had taken extra time to go into more detail than usual to ensure that the defendant understood the nature and provisions of the plea agreement. At the end of the plea hearing, the court verified that all relatives and friends of defendant who were in the court room agreed that there was "an appropriate and accurate translation" and there was nothing further that needed to be explained to defendant prior to the court's accepting the plea agreement.
 
 
 8
 Prior to the May 4, 1993 sentencing hearing, defendant, his bilingual daughter, and defense counsel went over the presentence investigation report. At the sentencing hearing, defendant (through an interpreter and through his attorney) went over each factual detail of the crime, making corrections where appropriate. No mention was made of any difficulty in understanding either the plea or sentencing process.
 
 
 9
 The transcripts of these hearings do not suggest defendant was unable to understand the interpreter's translation of the judge's comments and questions. Defendant does not argue that the interpreter was incompetent. See United States v. Diaz-Vargas, No. 94-1081, slip op. (7th Cir. Sept. 29, 1994), citing United States v. Alvarez-Quiroga, 901 F.2d 1433, 1436-37 (7th Cir.), cert. denied, 498 U.S. 875 (1990). We must rely on the district court's finding that it carefully considered the record and "the demeanor of the defendant and remains satisfied that he understood all of the critical phases of the change of plea hearing."
 
 
 10
 Defendant has failed to show prejudice, as he has not provided sufficient evidence to support his allegation that the plea was involuntary or uninformed. The judgment of the district court denying defendant's Sec. 2255 motion is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [2]
 On June 16, 1993, the defendant filed a motion to reconsider, and on June 25, defendant filed a notice of appeal along with a motion to extend time to appeal. The district court noted that the notice of appeal was timely, but the filing meant that the district court no longer had jurisdiction. On July 14, 1993, this court ordered defendant to state why appeal should not be dismissed since a pending motion to reconsider was before the district court. On July 20, 1993, this court permitted defendant to voluntarily dismiss his premature appeal