105 F.3d 660
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Humberto MACIAS-LUNA, Defendant-Appellant.
 No. 95-2384, 95-2385.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 17, 1996.
Decided Dec. 23, 1996.
 
 Before MANION, ROVNER and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Defendant Humberto Macias-Luna[1] pled guilty to, and was convicted of, unlawful re-entry into the United States after deportation. (No. 94 CR 40032) Defendant was sentenced to 86 months' imprisonment and three years' supervised release. In a separate case (No. 90 CR 40040), defendant pled guilty to violation of the conditions of his supervised release, and that release was revoked. We consolidated the two cases on appeal.
 
 
 2
 Defendant's attorney has filed a motion pursuant to Anders v. California, 386 U.S. 738 (1967), because he found no non-frivolous grounds for appeal. Pursuant to Circuit Rule 51(a), we sent a notice to defendant of his attorney's motion to withdraw and he has not filed a reply. After a complete review of the no-merit brief and the record, see Anders, 386 U.S. at 744, we find that any potential issues on appeal would be groundless or frivolous. See United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993).
 
 Background
 
 3
 Defendant has spent years in a cycle of entering the United States, being convicted of a drug offense, being deported, and then illegally re-entering the country, then caught again when he commits the next drug offense.[2] In July 1990, defendant was arrested for, and later was convicted of, possession of a controlled substance (977.7 grams of 100-percent pure cocaine) and was sentenced to two years in the Illinois Department of Corrections. He was paroled in February 1991. He was released from custody in August 14, 1992, to an INS detainer, and on August 26, 1992, he was again deported. A three-year term of supervised release was to commence if defendant returned to the United States.
 
 
 4
 On August 25, 1994, defendant was arrested in Illinois for a state crime of unlawful possession of 434.88 grams of cannabis with the intent to deliver.[3] Having re-entered the country[4] without notifying his probation officer, and having committed a crime upon re-entry, defendant was charged with the federal offense of re-entry of deported alien, 8 U.S.C. § 1326. (No. 94-40032) He was sentenced to 86 months' imprisonment,[5] to run concurrently with the sentence he was presently serving for the state drug offense, and was directed to pay a fine of $1,000. A term of three years' supervised release included the special conditions that he not commit a crime or illegally possess a controlled substance; that he not enter the United States except by lawful circumstances; that he not re-enter the United States without notifying a probation officer in advance; and that he be surrendered to the INS for deportation.
 
 
 5
 As a result of the subsequent illegal re-entry, defendant's previously imposed term of supervised release commenced, pursuant to the terms of his previous sentence and the 1992 deportation. The supervised release was then revoked, in case No. 90-40040, due to defendant's violation of the special conditions, and defendant was sentenced to 24 months' imprisonment, 18 U.S.C. § 3583(e)(3). The 24-month sentence would run consecutively to the 86-month sentence in case No. 94-40032.
 
 Potential Meritorious Issues
 
 6
 We have reviewed the record and find no meritorious issues which could be raised on appeal. Defendant's guilty plea hearings and sentencing hearing were conducted through an interpreter. There is no suggestion in the record that defendant had difficulty understanding the interpreter, or could not sufficiently communicate with his attorney.[6] See United States v. Diaz-Vargas, 35 F.3d 1221, 1225 (7th Cir.1994); United States v. Alvarez-Quiroga, 901 F.2d 1433, 1436-39 (7th Cir.1990). In case No. 90 CR 40040, defendant reviewed the written plea agreement with his attorney, using an interpreter. Moreover, defendant testified that he had been able to communicate effectively with his attorney in both cases. Several times the district court permitted additional time for defendant to review various points or documents with his attorney and the interpreter. We also note that defendant has an extensive criminal record in this country dating back to 1971, and therefore is quite familiar with the legal system. We find no potential issue for appeal in relation to the use of an interpreter.
 
 
 7
 Our review of the guilty plea hearings reveals that Rule 11 of the Federal Rules of Criminal Procedure was complied with in all aspects, except for the court's failure to advise defendant that his sworn testimony could be used against him in a future perjury prosecution.[7] See Fed.R.Crim.P. 11(c)(5). However, we find the error to be harmless, see Fed.R.Crim.P. 11(h), since there is "no current or prospective prosecution of [defendant] for perjury." United States v. Graves, 92 F.3d 258, 259 (7th Cir.1996).
 
 
 8
 In addition, we note that nothing in the record indicates that defendant has sought to withdraw his guilty plea. Also, the plea agreement in case No. 90 CR 40040 expressly states that once the agreement was accepted by the district court defendant would have no right to withdraw the plea.
 
 
 9
 In regard to sentencing, defendant did seek a downward departure, see U.S.S.G. § 3553(b), on the ground that he had re-entered the country only due to his child's hospitalization in early August 1994. The district court was entitled to reject this request based on defendant's admission that he was actually in the country as early as May 1994, and based on information before the district court showing that defendant was arrested in Moline, Illinois in March 1994, and arrested in Chicago in June 1994. As the court explained, "[I]n terms of the claim that you entered this country only because of this illness of your son, I'm not entirely satisfied that that's correct. I think there is strong reason to believe that you were already here ... and engaged in conduct other than just visiting your son." (Tr. 23) The court also stated:
 
 
 10
 You have had a number of illegal entries into this country and it appears that on most, if not all of those occasions, whatever the reason for your entry, while you were here you engaged in illegal drug activities. I think it's clear that your conduct shows a complete disregard for the immigration laws and, to make matters worse, as a guest in our country, every time you're here you violate our laws and contribute to the poison of drugs in our society. (Tr. 21)
 
 
 11
 We conclude that there are no nonfrivolous issues which defendant could conceivably rely on for relief on appeal. Motion to withdraw as counsel is GRANTED. Appeal is DISMISSED.
 
 
 
 [1]
 Also known as Humberto Luna Macias, Humberto Luna, Humberto Macias, and Juan Beker
 
 
 [2]
 For example, in 1975, defendant was convicted of possession with intent to deliver 20 ounces of brown heroin. He left the country prior to federal sentencing. He returned in 1983, was arrested and sentenced to federal custody. In October 1986, defendant was released from custody. He failed to appear for a deportation hearing, and was ordered to be deported in absentia in 1987. In 1988 defendant was recommitted to the Bureau of Prisons for parole violations. In March 1989, he was deported to Mexico. He again illegally returned to the United States
 
 
 [3]
 Defendant was later convicted of his crime and sentenced to six years' imprisonment in the Illinois Department of Corrections
 
 
 [4]
 It appears that defendant had re-entered the country as early as March 1994
 
 
 [5]
 The applicable range was 77 to 96 months
 
 
 [6]
 Defendant's attorney did speak some Spanish, and also used the interpreter
 
 
 [7]
 Defense counsel did not comment on this error, although in his supplemental brief (p. 4) he did offer the vague remark that "certain variances from [Rule 11] procedures are noted, [but] no variance appears to affect substantial rights and thus shall be disregarded, Fed.R.Crim.P. 11(h) [the harmless error provision]."