UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

  *Plaintiff-Appellee,*

v.

CLARENCE EDWARD CYRUS, a/k/a
Red, a/k/a CC,

  *Defendant-Appellant.*

No. 01-4640

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-99-221)

Submitted: October 30, 2002

Decided: February 11, 2003

Before WIDENER, WILKINS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Marcia G. Shein, LAW OFFICE OF MARCIA G. SHEIN, P.C.,
Decatur, Georgia, for Appellant. J. Strom Thurmond, Jr., United
States Attorney, Mark C. Moore, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Clarence Edward Cyrus appeals his convictions for distribution of
cocaine base and conspiracy to distribute cocaine and cocaine base in
violation of 21 U.S.C. §§ 841, 846 (2000). Cyrus claims that the dis-
trict court erred by accepting his guilty plea because it was not know-
ingly made in accordance with Fed. R. Crim. P. 11. He also claims
that the district court erred in its application of the sentencing guide-
lines.[1]

Cyrus claims that the district court's acceptance of his plea prior
to the completion of the presentence investigation report ("PSR") ren-
dered it impossible for him to enter a knowing and intelligent plea.[2]
He also claims that given his state of malingering, it was a virtual cer-
tainty that he would face an enhanced sentence for obstruction of jus-
tice, and would not receive credit for acceptance of responsibility. *See*
USSG §§ 3C1.1, 3E1.1(a). We disagree. As late as June 5, 2001, the
Assistant United States Attorney was willing to honor the stipulations
in the plea agreement despite Cyrus' ongoing efforts at obstructing
the judicial process. Moreover, like the district court, we conclude
that the determination of whether Cyrus received the benefit of the
bargain contained in the plea agreement ultimately fell on Cyrus and
his decision not to cooperate with the Government. Accordingly, we

---

[1]*U.S. Sentencing Guidelines Manual* (2000).

[2]In support of this proposition, Cyrus cites to *United States v. Alvarez-
Quiroga*, 901 F.2d 1433 (7th Cir. 1990). Although *Alvarez-Quiroga* does
not stand for this proposition, we do note that the Seventh Circuit sug-
gested similar reasoning in *United States v. Salva*, 902 F.2d 483 (7th Cir.
1990). We assume this to be the case upon which Cyrus relies. To the
extent that Cyrus asks us to accept *Salva*, we have previously declined
to do so, *see United States v. DeFusco*, 949 F.2d 114, 118-19 (4th Cir.
1991), and we find no reason to depart from our previous ruling.

do not accept Cyrus' contention that the stipulations as laid out in the plea agreement were an unobtainable sham.

We likewise reject Cyrus' claim that Fed. R. Crim. P. 11 necessarily requires the district court to review the PSR and the sentencing guidelines prior to acceptance of the plea. Rule 11 requires the district court to inform the defendant of the applicable mandatory minimum and maximum sentences relevant to his case, as well as the requirement that the court consider the sentencing guidelines. Fed. R. Crim. P. 11(c)(1). Any attempt to read further into the rule, such as Cyrus suggests, is not supported in the plain language of the rule or any controlling caselaw. Accordingly, we reject this claim. *See United States v. DeFusco*, 949 F.2d 114, 118-19 (4th Cir. 1991).

Because we conclude that Cyrus' plea was knowingly, voluntarily, and intelligently made, it follows that the waiver of his appellate rights contained in the plea agreement is effective. *See United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). This waiver precludes review of his two remaining claims regarding the application of the sentencing guidelines.

Accordingly, we affirm the judgment of the district court.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[3]Regarding Cyrus' request to file a responsive brief regarding the sixteen video-cassettes filed as a supplemental appendix by the Government, because we have not relied on the tapes in our disposition of the matter, we deny this request.