**UNITED STATES of America, Plaintiff,**

v.

**Eunice HUSBAND, Jr., Defendant.**

**No. 98–30050.**

United States District Court, C.D. Illinois, Springfield Division.

July 22, 1999.

Stephen A. Kubiatowski, Springfield, IL, for plaintiff.

David B. Mote, Springfield, IL, for defendant.

## *OPINION*

RICHARD MILLS, District Judge.

Defendant sought to withdraw his guilty plea and to have the Court appoint him new counsel on the day upon which he was scheduled to be sentenced.

However, Defendant failed to offer any fair and just reason why he should be allowed to withdraw his guilty plea, and he failed to establish that he had received ineffective assistance of counsel, necessitating the appointment of new counsel to represent him.

Accordingly, Defendant's motion is denied.

On February 1, 1999, Defendant changed his plea before United States Magistrate Judge Byron G. Cudmore from

not guilty to guilty of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). On February 16, 1999, the Court accepted Judge Cudmore's Report and Recommendation regarding Defendant's adjudication of guilt. Defendant was scheduled to be sentenced on this conviction on Monday, July 19, 1999.

However, moments prior to his sentencing hearing, Defendant, through his counsel, filed a motion to withdraw his guilty plea and stipulation [1] and asked the Court to appoint him new counsel. Therein, Defendant argued that he had received ineffective assistance of counsel and that due to his counsel's ineffectiveness, he had been intimidated into pleading guilty. Specifically, Defendant asserts that he received ineffective assistance of counsel because: (1) his attorney would not provide him with copies of the discovery material; (2) his attorney forced and intimidated him into pleading guilty; (3) his counsel failed to order a transcript of his plea hearing; (4) Magistrate Judge Cudmore advised him that he could withdraw his plea at any time prior to sentencing; (5) his attorney improperly entered into a stipulation of facts regarding his motion to suppress; (6) the investigator who interviewed him was not from the Federal Public Defender's Office; (7) his counsel failed to take action when the Government's response to his motion to suppress was late; and (8) his counsel would not allow him to review the discovery material prior to his change of plea. Based upon these allegations, Defendant asked the Court to allow him to withdraw his guilty plea and stipulation and to appoint new counsel to represent him in all future proceedings.

## A. *WITHDRAWAL OF GUILTY PLEA*

■ Federal Rule of Criminal Procedure 32(e) provides in relevant part:

If a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn *if the defendant shows any fair and just reason. Id.* (emphasis added). "Guilty pleas are, generally, considered final...." *Marx v. United States,* 930 F.2d 1246, 1250 (7th Cir.1991). "A defendant does not have an absolute right to withdraw his guilty plea, and the decision whether to allow him to do so is with the sound discretion of the trial court." *United States v. McFarland,* 839 F.2d 1239, 1241 (7th Cir.1988). A defendant seeking to withdraw his guilty plea on the ground that it was the result of improper advice from counsel must show that his counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Hill v. Lockhart,* 474 U.S. 52, 57–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ In the instant case, Defendant has not shown any fair and just reason why he should be allowed to withdraw his guilty plea. Prior to conducting Defendant's change of plea hearing, Magistrate Judge Cudmore ensured that Defendant was satisfied with his counsel's representations. Specifically, Magistrate Judge Cudmore inquired whether "the problem" regarding his counsel's refusal to provide him with copies of the discovery material had been resolved:

Judge Cudmore: Do you disagree with any of the statements made by Mr. Mote?

Defendant: No, sir.

Judge Cudmore: When you raised the problem—I'll call it the problem—with Mr. Mote, was it really over this office policy, and your frustration in not being able to get these pieces of

---

**1.** The stipulation which Defendant sought to withdraw was the stipulation of facts which the Court utilized in ruling upon his motion to suppress.

paper to review? Is that basically the problem that you had?

Defendant: Yes, sir. I just figured that I could get them, and he told me I couldn't.

Judge Cudmore: Do you understand that it's not specific to your case, that all clients that Mr. Mote has through the Federal Defenders office, they have a policy that copies aren't made for various reasons, financial reasons, plus, also, to protect the privacy of those cases. Do you understand that?

Defendant: I didn't know, but I do now.

Judge Cudmore: Do you understand that now?

Defendant: Yeah. Yes, sir.

Judge Cudmore: All right. I do note in the letter that you state that, quote, I'm not saying that Mr. Mote isn't a fine attorney or a good man, and you want—but you do say you want to resolve your difference, and your difference was over the policy concerning documents; correct?

Defendant: Yes, sir.

Judge Cudmore: Are you satisfied now that that policy Mr. Mote's office has concerning the documents is not a hurdle between you and Mr. Mote? Do you agree to that?

Defendant: Yes, sir.

Judge Cudmore: Do you want Mr. Mote to remain as your lawyer?

Defendant: Yes, sir.

Judge Cudmore: All right. Any differences that you have, do you believe that they are minor and are overcome at this time?

Defendant: Yes.

Thus, it is clear from this discussion that the differences regarding Defendant's failure to obtain a copy of his discovery material prior to changing his plea of guilty had been resolved and that paragraphs one, two, and three of his motion do not consti-

tute any fair and just reason to allow him to withdraw his guilty plea.[2]

Defendant also claims that his plea was not voluntary. The United States Court of Appeals for the Seventh Circuit has held that "[t]o deter abuses in the withdrawal of guilty pleas under Rule 32(d), and to protect the integrity of the judicial process, we have held that 'rational conduct requires that voluntary responses made by a defendant under oath [when entering a guilty plea] ... be binding.'" *United States v. McFarland*, 839 F.2d 1239, 1242 (7th Cir.1988), quoting *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir.1987). Here, Defendant informed Magistrate Judge Cudmore at the change of plea hearing that he was pleading guilty voluntarily:

Judge Cudmore: Do you plead at this time guilty to the offense of unlawful possession of a controlled substance, being possession with intent to distribute cocaine base, crack, that occurred on March 12 of 1998, do you plead guilty?

Defendant: Yes, sir.

Judge Cudmore: And are you pleading guilty because you are, in fact, guilty?

Defendant: Yes, sir.

Judge Cudmore: And are you doing this of your own free will?

Defendant: Yes, sir.

Although Defendant alleges that his counsel forced him to plead guilty, the Court finds nothing to substantiate Defendant's allegation, and in fact, the Court finds his allegation to be incredible under the circumstances. Therefore, the Court finds that paragraph four of Defendant's motion does not constitute any fair and just reason to allow him to withdraw his guilty plea.

Not only do paragraphs five, six, and eleven not constitute any fair and just reason to allow Defendant to withdraw his guilty plea, Defendant's assertions in those

---

2. In addition, at page 17 of the transcript of Defendant's change of plea hearing, Defen-
dant stated that he was satisfied with Mr. Mote's representations of his interests.

paragraphs are absurd. Defendant's counsel's failure to order a transcript of the change of plea hearing does not constitute ineffective assistance of counsel. Moreover, Magistrate Judge Cudmore did not advise Defendant that he could withdraw his guilty plea at any time prior to his sentence. Finally, Defendant's counsel's failure to do anything regarding the Government's failure to timely respond to his motion to suppress does not constitute ineffective assistance. The Court is unsure exactly what Defendant wanted his counsel to do, but the Court is confident that it would not have had any outcome on the Court's ruling on Defendant's motion to suppress, and thus, Defendant's counsel's failure to do anything did not constitute ineffective assistance.

In paragraphs seven through nine of the instant motion, Defendant asserts that he should be allowed to withdraw his guilty plea because he was given insufficient time to consider the stipulation of facts used by the Court in resolving his motion to suppress, that his counsel forced him into signing the stipulation, and that his counsel should have spent more time consulting him prior to filing the motion to suppress. However, at the motion/sentencing hearing conducted on July 19, 1999, Defendant's counsel represented that he did, in fact, confer with Defendant regarding the motion to suppress prior to filing that motion.[3] In addition, Defendant's counsel represented that the facts were known by both him and Defendant well before the hearing on the motion to suppress and that nothing had changed in the interim which would have had any bearing on the motion.

In the Court's opinion, Defendant's counsel filed and argued a well-prepared motion which was supported by applicable case law and authority. The fact that the Court ultimately denied the motion does not indicate in the least that the motion was not well-taken or effectively present-ed. In addition, Defendant's counsel preserved the suppression issue (at least in part) for review on appeal. As such, the Court finds Mr. Mote's representation of Defendant to be objectively reasonable.

Furthermore, Defendant's allegations regarding the stipulation are belied by his own statements which he made to Magistrate Judge Cudmore at the hearing on the motion to suppress:

Judge Cudmore: All right. Mr. Husband, have you heard, were you listening to the discussion I had with your lawyer, Mr. Mote?

Defendant: Yes, sir.

Judge Cudmore: Did you understand that discussion?

Defendant: Yes, sir.

Judge Cudmore: Did you sign your name with the advice of your lawyer to Page 2 of this stipulation for to-day's hearing?

Defendant: That was received this morning.

Judge Cudmore: That was just handed to you this morning or tendered to you?

Defendant: I signed it, but I haven't read it.

Judge Cudmore: You haven't read it. All right, Mr. Mote would you step forward, please. Mr. Husband, it's very important that you provide the Court with the same responses that you provide to Mr. Mote. Mr. Mote is doing his job for you, along with Ms. Bullock. I want you to read that stipulation. If you have any questions, you ask them in confidence to your two lawyers. We will stand at ease for a moment right here. Can we go back on the record?

Mr. Mote: Yes, thank you, Your Honor.

Judge Cudmore: All right. I want to make further inquiry, may I have the

---

**3.** The time spent by Mr. Mote with Defendant is established by Mr. Mote's billing records, *i.e.,* sentencing exhibit 2.

document back. Mr. Husband, did you review carefully the two page stipulation that contains your signature?

Defendant: Yes, sir.

Judge Cudmore: Do you understand that with this stipulation, that there will be no witnesses called at this hearing? Do you understand that?

Defendant: Yes, sir.

Judge Cudmore: And do you agree to that? With the advice of your lawyer, do you agree to that?

Defendant: Yes, sir.

Although given further opportunity to read and object to the stipulation, Defendant failed to do so. In fact, Defendant, on the record, agreed to the stipulation both orally and in writing. As such, paragraphs seven, eight, and nine of Defendant's motion do not constitute any fair and just reason to allow Defendant to withdraw his guilty plea.

As for paragraph ten of Defendant's motion, his counsel represented to the Court that the investigator with whom Defendant spoke was from the Federal Public Defender's Office. Thus, paragraph ten does not constitute grounds to allow Defendant to withdraw his guilty plea.

Finally, the Court finds that paragraph twelve of Defendant's motion does not constitute any fair and just reason to allow him to withdraw his guilty plea. At the July 19th hearing, Defendant's counsel represented that either he or someone from his office visited Defendant and allowed him to spend as much time as he wished going over and reviewing the discovery material in this case. Moreover, Defendant's counsel represented that this occurred prior to Defendant's change of plea hearing.[4] Nothing in Defendant's motion or any argument or statement presented at the July 19th hearing would cause the Court to question that representation. On the contrary, the Court fully believes Mr. Mote's representations as an honest, honorable member of this Court's bar.

In short, Defendant has offered no fair and just reason to allow him to withdraw his guilty plea. In the Court's opinion, Defendant's counsel's representation of his interests have not fallen below an objective standard of reasonableness, and Defendant has not been denied his Sixth Amendment right to effective assistance of counsel. *Hill,* 474 U.S. at 57–59, 106 S.Ct. 366; *Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052. Therefore, Defendant's motion to withdraw his guilty plea is denied.

### B. APPOINTMENT OF NEW COUNSEL

In addition to asking the Court to allow him to withdraw his guilty plea, Defendant asks the Court to appoint him new counsel. Defendant asserts that new counsel is necessary because his current counsel has rendered him ineffective assistance for the reasons set forth above. However, as the Court has explained, Defendant's counsel has not been ineffective, and Defendant has not been deprived of his Sixth Amendment right to effective assistance of counsel.

 Initially, the Court notes that there is no absolute right to replace appointed counsel. *United States v. Mangual–Corchado,* 139 F.3d 34, 42 (1st Cir. 1998); *United States v. Machor,* 879 F.2d 945, 952 (1st Cir.1989). Factors which appellate courts consider when determining whether the district court has abused its discretion in denying a motion to appoint new or different counsel are: "(i) the timeliness of the request, (ii) the adequacy of the inquiry into the defendant's concerns, and (iii) whether the conflict between client and counsel resulted in a total lack of communication and precluded an adequate defense." *Mangual–Corchado,* 139 F.3d at 42.

 In the instant case, the Court is especially convinced that new counsel is

---

**4.** Again, the time spent by Mr. Mote with Defendant is established by Mr. Mote's billing records, *i.e.,* sentencing exhibit 2.

unnecessary based upon the timing of Defendant's request. Although Defendant has shown that he knows how to contact the Court regarding his concerns (Defendant had previously written a letter to the Court regarding his attorney),[5] Defendant waited until the morning of his sentencing hearing to formally inform the Court of his dissatisfaction with his attorney.[6] Moreover, at this late stage, there is little if anything that new counsel could do other than delay the imposition of Defendant's sentence and waste the taxpayer's money. At the July 19th hearing, the Court denied Defendant's motion to withdraw his guilty plea and gave him an opportunity to make further objections to the PSR. *United States v. Rone*, 743 F.2d 1169, 1174–75 (7th Cir.1984). Because Defendant's conviction subjects him to a mandatory minimum sentence, there is no room for argument regarding his sentencing guideline range. Thus, the Court believes that Defendant's motion is nothing more than a tactic to delay the inevitable.

The Court finds that it adequately afforded Defendant the opportunity to address to the Court his concerns regarding his alleged conflicts with his attorney and that the Court adequately addressed all of those concerns both at the hearing and in the instant Order. In short, the Court finds that any difference between Defen-

dant and his counsel did not result in a lack of communication as to the essentials of Defendant's defense, nor did it lead to a breakdown of the attorney/client relationship. The Court is cognizant of the difficult position in which a criminal defense attorney is placed when his client complains of his representation of him. *United States v. Ellison*, 798 F.2d 1102, 1107 (7th Cir.1986) (*Ellison I*) (noting that "[i]n testifying against his client, counsel acted as both counselor and witness....").

However, in the instant case, Defendant's counsel admitted at the hearing that there had not been a complete breakdown in the attorney/client relationship when he stated that although his relationship with Defendant was strained, he believed that he would be able to represent Defendant at the sentencing hearing.[7] *United States v. Caban*, 962 F.2d 646, 650 (7th Cir.1992). Based upon the timing of the motion and upon Mr. Mote's representation that he could adequately represent Defendant's interest at the sentencing hearing, Defendant's motion for appointment of new counsel is denied.[8]

*Ergo*, Defendant's Motion to Withdraw Guilty Plea and Stipulation and for Appointment of New Counsel is DENIED.

---

5. Defendant's letter is located at docket entry 29 in the Court's file.

6. Defendant's counsel did telephonically forewarn the Court on Friday, July 16, 1999, of his client's unhappiness with him and of the possibility that counsel may be filing a motion for the appointment of new counsel per Defendant's request.

7. The Court bases its conclusion that there had not been an irreconcilable breakdown in the relationship between Mr. Mote and Defendant on the fact that the two were able to communicate both before and during the July 19th, hearing. Mr. Mote filed two objections to the PSR per Defendant's request after conferring with him. In addition, Mr. Mote had an extended visit with Defendant on July 16, 1999, at which time Defendant made his con-

cerns known, and Mr. Mote filed the motion he requested. Finally, during a recess at the July 19th hearing, Mr. Mote was able to confer with Defendant and was able to summarize to the Court Defendant's additional objections to the PSR. The Court does not believe that this type of communication would be possible had there been a total breakdown of the attorney/client relationship.

8. Mr. Mote also inquired about his representation of Defendant upon appeal. However, the court of appeals, not the district court, is the proper forum for determining whether appointed counsel may withdraw from representing a defendant on appeal. Seventh Circuit Rule 4; *United States v. De La Cruz*, 870 F.2d 1192, 1193 (7th Cir.1989), quoting *United States v. Flowers*, 789 F.2d 569 (7th Cir. 1986).